CONSUMERS POWER CO. *v.* MICHIGAN PUBLIC UTILITIES
COMMISSION.

1. PUBLIC SERVICE — ORDER FOR AUDIT AND APPRAISAL — RATES —
NECESSITY—HEARING.

Power of public utilities commission to make an audit and ap-
praisal of a utility is limited to such as are necessary in con-
nection with any rate or service hearing or investigation and
whether such necessity exists must be determined at a hearing
or investigation at which interested parties have been afforded
an opportunity to be heard.

2. SAME—NOTICE—JURISDICTION—COMMISSION RULES.

Public utilities commission did not acquire jurisdiction to make
audit of books and appraisal of property of a utility to deter-
mine reasonableness of rates where order was made without
notice, especially when not made pursuant to commission's own
rule requiring notice of complaints to be made to utility com-
plained against.

3. COSTS—PUBLIC QUESTION—PUBLIC UTILITIES COMMISSION.

No costs are awarded upon reversal of decree dismissing bill in
suit by utility company to enjoin enforcement of order of
public utilities commission for an audit of books and appraisal
of property, a public question being involved.

Appeal from Ingham; Carr (Leland W.), J.
Submitted September 17, 1935. (Docket No. 130,
Calendar No. 38,499.) Decided October 12, 1935.

Bill by Consumers Power Company, a Maine cor-
poration, against Michigan Public Utilities Commis-
sion to vacate an order, for an injunction and other
relief. Bill dismissed. Plaintiff appeals. Reversed.

*Walter D. Kline* and *Bernard J. Onen* (*Stuart H.
Redner,* of counsel), for plaintiff.

*Harry S. Toy,* Attorney General, and *Edmund E. Shepherd,* Assistant Attorney General, for defendant.

Nelson Sharpe, J.   The Michigan public utilities commission, on October 19, 1934, made an *ex parte* order, a copy of which appears in the margin.*

---

\* Order for Audit and Appraisal

The city of Owosso in a petition filed with us on September 19, 1934, makes complaint of the gas rates maintained by the Consumers Power Company, and, representing that ''it is without the necessary funds to urge its case against the Consumers Power Company and to furnish the necessary witnesses and attorneys for that purpose'' prays that this commission may ''through its engineering and auditing departments make a thorough investigation into the business of the said Consumers Power Company'' affecting gas rates in the city of Owosso, and in consequence thereof grant relief from rates unreasonably high.

The city of Kalamazoo together with a large number of consumers have filed petitions with us on October 10, 1934, charging that the gas and electric light and power rates maintained in that community by the Consumers Power Company are unjust and unreasonable, and they petition that we investigate and determine the fair price for such services.

The Consumers Power Company has recently requested approval on our part of industrial gas rates in the cities of Flint, Lansing, Pontiac and Charlotte, and we consider that the fair value of plant facilities and the costs of rendering gas service in these communities are of material consequence in fixing such rates.

Our engineering department reports to us that the Consumers Power Company is a corporation organized under the laws of the State of Maine, and is a subsidiary of the Commonwealth & Southern Corporation, a Delaware corporation, with whom it has a management contract.   The local operating company renders gas service to numerous cities and towns in this State, some of which are served in common from one or more manufacturing plants; and it distributes electrical energy throughout the greater part of the lower peninsula of Michigan.   The energy supplying the integrated transmission and distributing system is generated in eight steam plants, having a total capacity of 263,000 kilowatts, and 38 hydro-electric plants with a total capacity of 142,350 kilowatts.   These businesses have a common management and many operating functions are combined.   Without a general survey of the whole it is impossible to apportion correctly the substantial common costs affecting the rendition of service and to arrive at a sound determination of the proper cost of service in any part of the system.   The company maintains no records segregating property values by either political or operating divisions.   The company as a whole has never been subjected to investigation on the part of this commission and we possess no data upon which to make

After service of a copy thereof upon it, the plaintiff, Consumers Power Company, filed the bill of complaint herein in which it prayed for a decree setting aside and vacating the order and restraining the commission from taking any action thereunder. After answer filed and proofs submitted, the trial court entered a decree dismissing the bill, from which the plaintiff has appealed.

The authority of the commission to make an audit and appraisal is found in 2 Comp. Laws 1929, § 11098. It reads as follows:

a segregation of property values to the municipalities and areas in which the rates are subject to our jurisdiction.

For the purposes of ascertaining whether the rates and charges of said Consumers Power Company for the services under our supervision are just and reasonable, and in order to aid us in performing our duties to supervise and authorize capitalization and security issues, in view of the considerations hereinbefore set forth, the Michigan public utilities commission hereby finds it necessary to audit the books and records and to appraise the plant property and facilities of the said Consumers Power Company used and useful in furnishing public utility service in the State of Michigan, and accordingly it is

Ordered that such audit and appraisal be made through the accounting, engineering and other forces of the commission.

It is further ordered that during the progress of the audit and appraisal semi-monthly statements shall be rendered to said Consumers Power Company showing the amounts of money expended for said work, and said expense shall within five days thereafter be paid by said Consumers Power Company into the State treasury.

It is further ordered that said audit and appraisal work be conducted under the supervision of the commission's chief consulting engineer subject to the advice as furnished by the attorney general's department.

It is further ordered that copies of this order shall be served upon the Consumers Power Company, the attorney general and the clerk of each and every municipality, political area or division in which said company renders public utility services.

It is further ordered that the above mentioned complaints be consolidated and made a part of this investigation, and that any and all petitions and complaints touching the rates and charges of said Consumers Power Company which may be filed during the pendency of said investigation be consolidated therewith, and that upon the filing of the report of said audit and appraisal, a hearing of all rates and charges of said Consumers Power Company of which complaint may be made shall be set, the commission reserving the right to make such other and further orders herein as may be deemed proper.

"Said commission shall also have power, in connection with any rate or service hearing or investigation, to make such audit and analysis of the books and records of the utility, and such inventory and appraisal of its property as may be necessary in connection with the duties imposed upon the commission by this act; and in any such case the commission shall keep a record of all expenses incurred by it in connection with its investigation of the affairs and property of the said utility and during the progress or at the conclusion of its work, shall state the amount thereof in writing to the said utility and said utility shall pay into the treasury of the State the amount of such expense at such times and in such manner as the commission may by order require. Said moneys when so paid into the State treasury shall go to the credit of the Michigan public utilities commission, and are hereby appropriated to the payment of its expenses."

The effect of the order upon the plaintiff is shown by the testimony of a consulting electrical engineer who had theretofore been employed by the commission and also by the power company. He estimated that the total cost of the appraisal and audit ordered by the commission would be in excess of $1,000,000. The payment of the expense thereof by the plaintiff is also provided for in 2 Comp. Laws 1929, § 11083.

The power conferred upon the commission is, "in connection with any rate or service hearing or investigation." It seems clear that the necessity therefor must be found to exist at a "hearing or investigation" had by the commission at which the parties interested had been afforded an opportunity to be heard. The order appealed from was made without notice. Without expressing any opinion as to the extent of an audit or appraisal which the commission may order to be made, we are of the opinion that it had no jurisdiction to make the order ap-

pealed from without notice to the parties affected by the complaints made to it.

This holding but conforms to the rules adopted by the commission. The second paragraph of rule 3 reads as follows:

"The commission will cause a copy of the petition or complaint, with notice to the defendants to satisfy or answer the same within a specified time, to be served personally or by mail in its discretion, upon each public utility complained against."

Attention may also be called to the provision in 2 Comp. Laws 1929, § 11038, for an investigation of the rates and charges of common carriers which may only be made upon 10 days' notice to the carrier and the complainants.

The bill of complaint not only questioned the jurisdiction of the commission to make the order *ex parte* but also asked for equitable relief. The trial court was of the opinion that the question of jurisdiction should have been presented to this court by an appeal in the nature of certiorari under our holding in *Consumers Power Co.* v. *Michigan Public Utilities Commission,* 270 Mich. 213 (10 P. U. R. [N. S.] 487).

In view of the fact that the equity power of the court has been invoked and the assent on the part of the defendant's counsel as stated in their brief to our determination of the matter as here presented, and owing to the necessity for a speedy decision we give this question no further consideration except to say that no precedent will be established hereby.

The decree dismissing the bill of complaint is reversed and set aside and one may be here entered granting the relief prayed for. As a public question is involved, no costs will be allowed.

Potter, C. J., and North, Fead, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.