G & A TRUCK LINE, INC., v. PUBLIC SERVICE COMMISSION.

1. PUBLIC SERVICE COMMISSION—STATUTES.
    The public service commission can do only those things authorized by statute.

2. SAME—CARRIERS—PERMITS—NOTICE—HEARING.
    Order of public service commission adding the names of 2 shippers to plaintiff's permit to operate as a contract carrier was invalid, where no application for permit so to do had been filed with the commission, no notice given of hearing to be held thereon and no hearing held (CL 1948, §§ 477.4, 477.5; Public Service Commission Contract Carrier Rule No 12).

REFERENCES FOR POINTS IN HEADNOTES
[1] 43 Am Jur, Public Utilities and Services § 193.
[2-6] 37 Am Jur, Motor Transportation § 10 et seq.; 43 Am Jur, Public Utilities and Services § 218.
[7] 9 Am Jur, Carriers § 285.
[8] 9 Am Jur, Carriers § 286.
[9-11] Generally as to licenses of motor transportation, see 37 Am Jur, Motor Transportation § 71 et seq.

3. CARRIERS—PERMITS—CONTRACT CARRIERS—APPLICATION—NOTICE —HEARING.

A permit to operate as a contract carrier may not include the right to transport for named shippers on petition to consolidate several authorities into 1 permit, where it had not previously had a valid permit to transport for such named shippers and no application filed, notice of hearing given nor hearing held on such matter (CL 1948, §§ 477.4, 477.5; Public Service Commission Contract Carrier Rule No 12).

4. PUBLIC SERVICE COMMISSION—SETTING ASIDE ORDERS.

The public service commission has a duty to set aside an invalid portion of its orders as to permits to carriers and power to do so is conferred by statute (CL 1948, § 479.18).

5. SAME—CORRECTION OF ERRORS IN CARRIERS' PERMITS.

The public service commission has power on its own motion to correct its own errors in a carrier's permit provided there is no injury to the holder thereof.

6. CARRIERS—CORRECTION OF ERRORS IN PERMITS—RECORD.

Correction of carrier's permit some 2 years or more after its erroneous amendment *held*, not to have been shown to have resulted in injury to such carrier under record presented.

7. SAME—COMMON CARRIERS.

A common carrier must accept and transport personal property for all who choose to employ it.

8. SAME—COMMON CARRIERS—DEFINITION.

A common carrier is one who, by virtue of his calling, undertakes, for compensation, to transport personal property from one place to another for all such as may choose to employ him, and every one who undertakes to carry for compensation the goods of all persons indifferently, is, as to liability, to be deemed a common carrier.

9. SAME—COMMON CARRIERS—PURCHASER OF PERMIT.

The purchaser of a limited common carrier's certificate has the duty of such common carrier to the extent it succeeded to its rights.

10. SAME—CONTRACT CARRIERS—LIMITED COMMON CARRIER—COMBINATION OF CERTIFICATES.

A contract carrier's certificate may be combined with such carrier's limited common carrier permits for the sake of convenience of the public service commission and the certificate holder, but such a holding does not increase the operating authority of the certificate holder.

11. Public Service Commission—Correction of Errors.
   Order of public service commission correcting its previous
   order as to plaintiff's certificate of authority, by deleting
   therefrom 2 named shippers which had been added illegally,
   *held*, within power of commission to make.

Appeal from Ingham; Coash (Louis E.), J. Submitted June 3, 1953. (Docket No. 22, Calendar No. 45,767.) Decided October 5, 1953.

Bill by G & A Truck Line, Inc., a Michigan corporation, against Michigan Public Service Commission to reverse order of commission changing previous order so as to eliminate plaintiff's certificate as contract carrier for certain firms. Associated Truck Lines and Graff Trucking Company intervene. Decree for defendant. Plaintiff appeals. Affirmed.

*Mason, Stratton, Kent & Wise* (*K. F. Clardy,* of counsel), for plaintiff.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara, Charles M. A. Martin* and *Robert A. Derengoski,* Assistants Attorney General, for defendant.

*Ballard, Jennings, Fraser & Parsons* (*Archie C. Fraser* and *Asa Kelly, Jr.,* of counsel), for intervenors.

Adams, J. In 1947 the G & A Truck Line, Inc., plaintiff and appellant, was a contract carrier for the Eddy Paper Corporation and the Wolverine Carton Company under permits issued by the Michigan Public Service Commission, defendant and appellee. On April 1st of that year an affidavit was filed with the commission disclosing that the Eddy Paper Company had sold 1 of its 3 plants to the Rocky River Paper Mill, Inc., and that the latter

company had contracted with the.G & A Truck Line for the transportation of its products. Pursuant to this information and without notice or·hearing, the commission amended its route summary of the G & A Truck Line to include authority to transport for the Rocky River Paper Mill, Inc.

On or about September 1, 1948, a second affidavit was filed with the commission showing that Ace-Triune Cartons, Inc., had purchased the Wolverine Carton Company's plant in Michigan and again the G & A Truck Line's route summary was amended without notice or hearing to show the company's authority to transport for Ace-Triune Cartons, Inc.

Later the plaintiff acquired by purchase a limited common carrier certificate from the Three Rivers Cartage Company. Plaintiff then petitioned the commission for a consolidation of the 2 contract carrier permits and the limited common carrier authority into 1 certificate. Hearing was noticed and held before the commission and an order of consolidation entered. Plaintiff offered no testimony but through counsel made it clear that it was asking only for consolidation in 1 certificate of authority already possessed and sought no extension in any regard. The commission's order of December 23, 1948, read:

"Grant original common restricted intrastate as applied for with the condition and understanding, however, that the authority shall be a consolidation of authority under the certificates of the applicant and that acquired from Three Rivers Cartage Company, Inc., under certificate L-1448 to the end that the surviving carrier will not possess any greater authority than was originally possessed by the 2 carriers named, and that the authority granted hereby is that of a limited common carrier as to all authority possessed and shall not constitute any extension of authority in any regard."

On May 16, 1949, plaintiff filed an application with the commission for extension of its authority as a common carrier, requesting the commission to eliminate from its route summary all named shippers in order that it might transport for all shippers between the points then authorized. Before that application could be acted upon, Graff Trucking Company, intervening defendant, filed a petition with the commission to vacate and set aside the authority granted to plaintiff to transport for Rocky River Paper Mill, Inc., and Ace-Triune Cartons, Inc., for the reason that such permits were granted in violation of the statute and the rules of the commission.

Hearing on this latter petition was properly noticed for September 28, 1949, briefs were filed, and on January 12, 1950, the commission entered an order amending its order of December 23, 1948, by removing therefrom authority granted to the plaintiff to conduct operations for the Rocky River Paper Mill, Inc., and Ace-Triune Cartons, Inc. Plaintiff petitioned for a rehearing and on July 20, 1950, the commission denied a rehearing and at the same time and on its own motion amended its order of December 23, 1948, as filed, to conform with the decision of the commission of that date as shown in the minutes of the hearing. The effect of this amendment was to strike from the order of December 23, 1948, alleged findings of the commission that applicant's vehicles would not injure the highways to be used; that there would be no unreasonable interference with the public's use of such highways; that existing transportation facilities were not adequate and that public convenience and necessity would be promoted by the granting of the application. These deletions were made because the record disclosed that none of the matters mentioned were considered by the commission at the hearing on December 23, 1948, the only matter then considered being the consolidation

for purposes of convenience of the applicant's contract carrier permits and the limited common carrier certificates.

Plaintiff then filed a bill of complaint in the Ingham county circuit court alleging the facts as herein set forth and praying for an injunction restraining the commission from enforcing the provisions of its order of July 20, 1950. The trial court affirmed the commission's order and dismissed the bill of complaint, whereupon the plaintiff took this appeal.

It is plaintiff's contention that the commission was without authority to delete from its list of authorized shippers the names of the Rocky River Paper Mill, Inc., and the Ace-Triune Cartons, Inc., after the order of December 23, 1948, had been entered. While plaintiff concedes that the authority to transport for the 2 shippers was illegally granted in the first instance, it is its contention that the subsequent order of December 23d cured any prior irregularities.

The commission can do only those things authorized by statute. *Sparta Foundry Co.* v. *Michigan Public Utilities Commission,* 275 Mich 562. Article 3, § 4, of the motor carriers act (CL 1948, § 477.4 [Stat Ann § 22.551]), requires that the application for a contract carrier's permit be filed in writing with the commission and set forth certain prescribed information. Article 3, § 5, motor carriers act (CL 1948, § 477.5 [Stat Ann § 22.552]), requires the commission to fix a time and place for hearing on such application and cause notice to be served upon such interested parties as may be determined by the commission. After the hearing, the commission is authorized to grant or refuse the permit.

Rule No 12 of the commission's rules and regulations likewise provides for notice and hearing.

It is conceded by all parties that no application was filed, no notice of hearing given, and no hearing held in connection with the addition of Wolverine Carton Company and Ace-Triune Cartons, Inc., as shippers under plaintiff's permitted authority. The action of the commission in making such addition was, therefore, in violation of both the statute, above quoted, and its own rule. Because of the failure to file the application, give proper notice of hearing and conduct such hearing, the commission acquired no jurisdiction over the subject matter and the order which it purported to issue was invalid and of no effect.

Later when plaintiff petitioned to consolidate the several authorities that it then possessed, such consolidation could not include the right to transport for the Wolverine Carton Company and Ace-Triune Cartons, Inc., because that authority did not exist. Moreover, such authority could not be brought into existence by the order issued on December 23, 1948, because such matters were not before the commission nor inquired into and therefore could not be made a valid part of the order.

Later when the irregularity was brought to its attention by petition, it was not only within the power of the commission but became its duty to set aside for cause the invalid portion of the order after hearing properly noticed. Such deletion is authorized by the provisions of article 5, § 18, of the motor carriers act (CL 1948, § 479.18 [Stat Ann § 22.583]), which reads, in part, as follows:

"The commission may upon application of any person or any motor carrier, or upon its own motion, * * * for good cause, and after an opportunity to be heard, revoke, suspend, alter, amend or modify any and all of its findings or orders; but no certificate or permit shall be amended, altered, modified, revoked, suspended, or impaired, except only after

like notice and opportunity to be heard and upon clear proof of good, just and sufficient cause."

Further deletions from the order of December 23, 1948, were made at the same time that a rehearing was denied. These deletions by the commission on its own motion in order to make its formal order comply with its record of actual determination was within the power and authority of the commission. The commission had the right to correct its own errors provided there was no showing of injury to the certificate holder. *In re Application of Joe Brown & Sons,* 273 Mich 652. The record discloses no proof of injury to the plaintiff resulting from such correction.

Plaintiff further claims that the Michigan Public Service Commission by law has no authority to issue a common motor carrier's certificate limited to named shippers. It is true that a common carrier must accept and transport personal property for all who choose to employ it.

" 'A common carrier is one who, by virtue of his calling, undertakes, for compensation, to transport personal property from one place to another for all such as may choose to employ him, and every one who undertakes to carry for compensation the goods of all persons indifferently, is, as to liability, to be deemed a common carrier.' " *Jackson Architectural Iron Works* v. *Hurlbut,* 158 NY 34 (52 NE 665, 70 Am St Rep 432), as quoted with approval in *Michigan Public Utilities Commission* v. *Krol,* 245 Mich 297, 302.

That obligation is upon the plaintiff under its present certificate to the extent that it succeeded to the rights of the Three Rivers Cartage Company, Inc. However, plaintiff, at its own request and as a matter of convenience to itself, has requested that the common carrier permit which it had obtained

from Three Rivers Cartage Company, Inc., be consolidated with 2 contract carrier permits.

We can see no objection, from an administrative standpoint, to the consolidation for purposes of convenience of such authority. Under many circumstances a common carrier might also desire to act as a contract carrier. Nothing in the law prohibits such dual capacities and no detriment to the public interest can result from the combined activities. Whether such authority is shown by 1 certificate or several is a matter of administrative detail.

Plaintiff is not consistent in claiming that the commission's order of December 23, 1948, naming shippers is illegal as exceeding the commission's jurisdiction and, at the same time, claiming that such named shippers cannot be stricken therefrom. If the plaintiff is right in saying that the order did exceed the commission's jurisdiction, then plaintiff is without legal authority of any nature, for the commission did not consider those matters essential to the granting of a new common carrier certificate. We are of the opinion that the order simply consolidated for purposes of convenience the privileges then held by the plaintiff in accordance with the understanding of all the parties and that plaintiff rightfully continued on in a dual role of a common carrier limited as to termini and as a contract carrier. Both the commission and the trial court so construed the situation and it is our opinion that the broad powers granted to the commission under article 2, § 5, of the motor carriers act (CL 1948, § 476.5 [Stat Ann § 22.538]), gives ample authority for its order.

"Said application may be granted, in whole or in part, and a certificate issued upon such lawful terms and conditions as said commission may impose, and subject to such rules and regulations as it has or may

hereafter lawfully prescribe, for the whole or for only the partial exercise of the privilege sought."

The commission acted within its authority in consolidating of record the limited common carrier certificate with 2 contract carrier permits and in later amending such order upon hearing and for cause shown by deleting therefrom 2 named shippers.

The decree of the trial court is affirmed, costs to appellee.

DETHMERS, C. J., and BUTZEL, CARR, BUSHNELL, SHARPE, and REID, JJ., concurred.

BOYLES, J., did not sit.