## OLSON TRANSPORTATION COMPANY v. PUBLIC SERVICE COMMISSION.

1. CARRIERS—HOLDER OF CERTIFICATE OF PUBLIC CONVENIENCE.
   The holder of a certificate of public convenience is authorized to engage in hauling cargo for hire in a limited area within the state.

2. SAME—STATUTES—HEARING—NOTICE OF ACTION.
   The statute providing for hearing by public service commission requires that "notice of the action to be taken by the commission" be given, and in absence of the prescribed notice the commission cannot legally act (CL 1948, § 479.18).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 13 Am Jur 2d, Carriers § 87.
[2–5] 13 Am Jur 2d, Carriers §§ 95–97.
[6] 5 Am Jur 2d, Appeal and Error § 1009.

3. SAME—STATUTES—MODIFICATION OF MOTOR CARRIER'S CERTIFICATE.

The powers of the public service commission are derived solely from statute and the power to modify a motor carrier's certificate must depend on compliance with the terms of the statute (CL 1948, § 479.18).

4. SAME—STATUTES—SECTION AND BASIS OF ACTION.

A motor carrier has the right to know on what basis and under which section of motor carrier act the public service commission intends to proceed against the carrier for violation of the act.

5. SAME—BULK PETROLEUM—COMPLAINT—NOTICE.

Complaint before public service commission requesting an order requiring motor carrier to cease and desist from bulk transportation of petroleum products *held,* not to be sufficient notice to carrier of commission action in amending its certificate of public convenience to exclude bulk transportation of petroleum products (CL 1948, §§ 479.14, 479.18).

6. COSTS—PUBLIC QUESTION—MOTOR CARRIERS—CERTIFICATE OF PUBLIC CONVENIENCE—NOTICE.

No costs are allowed on appeal by public service commission from trial court judgment that amendment of motor carrier's certificate of public convenience was invalid because done without commission having given proper notice to carrier, a public question being involved (CL 1948, §§ 479.14, 479.18).

Appeal from Ingham; Salmon (Marvin J.), J. Submitted Division 2 February 7, 1967, at Lansing. (Docket No. 624.) Decided November 29, 1967. Leave to appeal granted February 13, 1968. See 380 Mich 758.

Bill of complaint by Olson Transportation Company against the Public Service Commission seeking reversal of an order of the Commission. Mercury Transit Company and Stang Tank Lines, Inc., intervened on behalf of defendant. Order reversed. Defendants appeal. U.S. Truck Company and Michigan Intra-State Motor Tariff Bureau, Inc., intervened on appeal on behalf of plaintiff. Affirmed.

*Matheson, Dixon & Bieneman* (*John M. Veale,* of counsel), for plaintiff Olson Transportation Company.

*Brucker & Brucker,* for intervenor-plaintiff U. S. Truck Company.

*Joseph Lavey,* for intervenor-plaintiff Michigan Intra-State Motor Tariff Bureau, Inc.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *David P. Van Note,* Assistant Attorney General, for defendant Public Service Commission.

*John P. Boeschenstein,* for intervenor-defendant Mercury Transit Company.

*Arthur P. Boynton,* for intervenor-defendant Stang Tank Lines, Inc.

J. H. Gillis, J.   This is an appeal by the Michigan public service commission, *et al.,* from an order of the Ingham county circuit court reversing an order of the commission and restraining the enforcement of that order against plaintiff Olson Transportation Company, the appellee herein.   The issues in this case deal solely with interpretation of the motor carrier act (CL 1948, § 475.1 *et seq.,* as amended [Stat Ann § 22.531 *et seq.*]), and the powers granted to the commission under that act.

Olson is the holder of a certificate of public convenience originally held by L & L Trucking Service, which in general authorizes a trucker to engage in the hauling of cargo for hire in a limited area within the State.   On December 5, 1957, the commission acted on an application by L & L and Olson to trans-

fer L & L's certificate to Olson, and filed its order granting the transfer on April 4, 1958. In May, 1958, Olson commenced the transportation of bulk petroleum products under its transferred certificate, having commenced its other hauling operation at an earlier date.

On September 30, 1960, Mercury Transit Company filed a complaint[1] with the public service commission for investigation and hearing, and an order requiring Olson Transportation Company to cease and desist from the bulk transportation of petroleum products. The complaint did not set forth under which section of the act the commission was requested to proceed.

The commission found that Olson's immediate transferor had abandoned its authority in accordance with the statute[2] to carry bulk petroleum. It found that as a result no such authority could have been transferred to Olson. Therefore, the commission held that Olson's certificate should be amended[3] to exclude bulk petroleum products and that in such absence of authority, Olson shall cease and desist in such operations.[4] The order of the commission was dated June 14, 1962.

[1] Hearings were held on the complaint on March 21, 22 and 23, 1961. At these hearings, Stang Tank Lines, Inc., Refiners Transport & Terminal Corp., and E. Brooke Matlack, Inc. intervened on behalf of Mercury. At the same time, Michigan Intra-State Motor Tariff Bureau, Inc., Clairmount Transfer Co., and U. S. Truck Company, Inc., intervened as interested parties.

[2] CL 1948, § 476.13 (Stat Ann § 22.546): "No common motor carrier authorized by this act to operate shall abandon or discontinue any service established under the provisions of this act without an order of the commission. Any certificate under which service is discontinued for more than 10 days without the previous order of this commission authorizing the same shall be deemed to be revoked without any action upon the part of the commission."

[3] CL 1948, § 479.18 (Stat Ann § 22.583).

[4] CL 1948, § 479.14 (Stat Ann § 22.579). The pertinent portion of the order of the commission stated: "We therefore find that Olson's present intrastate authority should be amended so as to specifically exclude the transportation of petroleum products in bulk in tank vehicles intrastate, and that that carrier should be ordered to cease and desist from such transportation."

Olson was plaintiff in the circuit court upon a general complaint seeking reversal of the order of the commission and temporary restraining order and permanent injunction against enforcement of the cease and desist order by the commission. Four grounds were asserted by plaintiff in the trial court: (1) that Olson's transferor did not abandon its authority to transport bulk petroleum products by nonuse; (2) that the hearings and order of the commission pertinent to the transfer are *res judicata* as to the authority granted and that the present action is a collateral attack on those proceedings; (3) that in April, 1962, a certificate was issued Olson, pursuant to a late filing application, which had the same effect as a new certificate, eradicating any prior deficiencies; and (4) that the notice given Olson of the pending action was insufficient to give the commission jurisdiction to amend the certificate and that said action therefore is illegal and serves to deprive Olson of its property without due process of law.

The trial court, in a well-reasoned opinion, found that the commission proceeded solely on the basis that Olson's authority should be amended because of abandonment by Olson's predecessor. The commission therefore acted under article 5, § 18, of the motor carrier act.[5]

---

[5] CL 1948, § 479.18 (Stat Ann § 22.583), provides in pertinent part:

"The commission may upon application of any person or any motor carrier *or upon its own motion,* and upon at least 10 days' notice to the parties affected thereby for good cause, and after an opportunity to be heard, revoke, suspend, alter, amend or modify any and all of its findings or orders; *but no certificate or permit shall be amended, altered, modified, revoked, suspended, or impaired, except only after like notice and opportunity to be heard and upon clear proof of good, just, and sufficient cause.* It shall have full power and authority to grant rehearings in all proceedings before it upon petition filed within the time allowed by law to bring proceedings for review." (Emphasis supplied.)

The court further found that although a cease and desist order may issue pursuant to an article 5, § 18 amendment of the permit, the complaint before the commission was a request for a cease and desist order alone[6] and did not request that the certificate be amended. Since the complaint, and consequently the notice to Olson, did not request modification of Olson's certificate, the prayer for a cease and desist order was an article 5, § 14 complaint.[7] The trial judge concluded the complaint for a cease and desist order was not sufficient notice to Olson of the commission action in amending the certificate under article 5, § 18.

We agree with the trial court's conclusion in that the notice required by the statute is "notice of the action proposed to be taken by the commission." *Furniture Capital Truck Lines, Inc.*, v. *Public Service Commission* (1954), 340 Mich 173, 184.

An order to "cease and desist" may issue only by virtue of article 5, § 14 of the act. That section specifies the conditions and reasons for causing such an order to issue. No doubt violation of any other

---

[6] The request for relief in the complaint before the commission was that the commission "enter an order that respondent Olson cease and desist from further engaging in the bulk load transportation of gasoline."

[7] CL 1948, § 479.14 (Stat Ann § 22.579), provides in part: "Before proceeding to make the investigation, the commission shall give the said motor carrier and the complainants at least 10 days' notice of the time and place when and where such matters will be considered and determined, and said parties shall be entitled to be heard and shall have process to enforce the attendance of witnesses. If upon such investigation any matters complained of shall be found to be in violation of this act, the commission shall have power to and it shall determine and by order fix and order substituted therefor such regulation, practice, service or charges as shall conform to the provisions of this act and the rules and regulations of the commission applicable to such motor carrier; and such order shall further provide that the parties complained of cease and desist from the violation and conform to the terms of the order, and the commission shall cause a certified copy of each such order to be delivered to the parties affected thereby, which order shall of its own force take effect and become operative 20 days after the service thereof."

section of the act may, if it is established, lead to an order such as described in article 5, § 14. We do not question the authority of the commission to issue a cease and desist order if the facts so warrant. What we do question is the extent of the notice required to apprise the permit holder of the section under which the commission intends to proceed.

We think that article 5, § 18 at least requires notice to the responding party that the commission intends to take action to modify the certificate of public convenience.

The power of the commission to act is derived solely from the statutes and the power to modify a certificate must depend on compliance with the terms of article 5, § 18. *In re Application of Joe Brown & Sons* (1935), 273 Mich 652; *G & A Truck Line, Inc., v. Public Service Commission* (1953), 337 Mich 300. In the absence of the prescribed notice, the commission could not legally act to effect the modification, and its order based thereon is a nullity. See *Greyhound Corporation* v. *Public Service Commission* (1960), 360 Mich 578, 609; *Furniture Capital Truck Lines, Inc.,* v. *Public Service Commission, supra.*

The commission does not rely on any violation by Olson which would support a cease and desist order aside from the amendment of its authority, and in the trial court the commission addressed its arguments to the sufficiency of the notice.

We do not pass upon the merits of the commission's order amending Olson's certificate in light of our decision as to the inadequacy of the notice.

We hold that the respondent is entitled to know on what basis and under which section the commission intends to proceed. In this regard it is important to recognize that under the act the commission may initiate proceedings on its own motion and

though the commission may have no doubts as to its intended course of action, the respondent may not be so fortunate.

Affirmed. No costs, a public question being involved.

HOLBROOK, P. J., and FITZGERALD, J., concurred.