PENNWALT CORPORATION v PUBLIC SERVICE COMMISSION

Docket No. 45092. Submitted May 13, 1980, at Lansing.—Decided
    September 21, 1981. Leave to appeal applied for.

> The Detroit Edison Company applied to the Public Service Com-
> mission for authority to increase its rates for industrial steam
> and electrical service supplied to Pennwalt Corporation. The
> commission ordered an increase in a lesser amount than that
> requested. Pursuant to statute, both Pennwalt and Detroit
> Edison brought actions in the Ingham Circuit Court seeking
> review of the commission's order. Those actions were consoli-
> dated by the circuit court. Two subsequent rate increases were
> granted to Detroit Edison by the commission, after which
> Detroit Edison filed a motion for summary judgment, asserting
> that the subsequent rate increases rendered the challenges to
> the earlier increase moot. Summary judgment was granted,
> Ray C. Hotchkiss, J. Pennwalt Corporation appeals, alleging
> that the trial court erred in holding that it was without
> authority to grant a refund upon a finding that the rates were
> unreasonable or unlawful. *Held:*
>
>     The Ingham Circuit Court has the authority to order a
> refund of excess payments upon a finding that the rates
> charged were unreasonable or unlawful. Such a refund order
> does not constitute retroactive rate-making, which would be
> prohibited. Further, there is no requirement that an aggrieved
> party seek an injunction staying an order of the commission as
> a condition of obtaining full judicial review of the order.
>
>     Reversed and remanded.

1. PUBLIC UTILITIES — PUBLIC SERVICE COMMISSION — COURTS —
    REVIEW.

> The Ingham County Circuit Court has the statutory authority to
> fashion an equitable remedy in an action brought to review an
> order of the Public Service Commission; this authority includes
> the ordering of a refund by a public utility to a customer if it is

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 64 Am Jur 2d, Public Utilities §§ 126, 132, 277, 278.
[2] 64 Am Jur 2d, Public Utilities § 240.

found that the rates charged the customer were unreasonable or unfair (MCL 462.26[a]; MSA 22.45[a]).

2. PUBLIC UTILITIES — COURTS — REFUNDS — RATE-MAKING.

A judicially mandated refund to a customer of a public utility made as a result of a statutorily authorized review of an order of the Public Service Commission does not constitute retroactive rate-making.

3. PUBLIC UTILITIES — INJUNCTIONS — PUBLIC SERVICE COMMISSION — REVIEW — STATUTES.

The statute allowing an aggrieved party to seek an injunction staying an order of the Public Service Commission pending the outcome of a review of a commission order is permissive only; there is no requirement that an injunction be sought as a condition of full judicial review (MCL 462.26[b]; MSA 22.45[b]).

*Dickinson, Wright, McKean, Cudlip & Moon* (by *Peter S. Sheldon* and *Gregory L. McClelland*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Arthur E. D'Hondt* and *John M. Konwinski,* Assistants Attorney General, for the Public Service Commission.

*C. C. Nern, R. Larry Drake,* and *Fisher, Franklin, Ford, Simon & Hogg* (by *George Hogg, Jr.,* and *Francis E. Bentley*), for the Detroit Edison Company.

Before: D. F. WALSH, P.J., and BASHARA and K. B. GLASER, JR.,* JJ.

BASHARA, J. The precise issue raised on appeal is whether the Ingham County Circuit Court has the power to grant a refund to a consumer upon a determination that the Michigan Public Service Commission has established an unreasonable or unlawful utility rate.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff-appellant Pennwalt Corporation and defendant-appellee Detroit Edison Company entered into an agreement requiring Edison to supply Pennwalt with industrial steam and electrical service. Pursuant to the agreement, the rates charged by Edison have been periodically increased, with the necessary approval of the defendant Michigan Public Service Commission.

In 1975, Edison filed an application for authority to again increase its rates to Pennwalt. In 1976, the commission ordered the rates increased by a lesser amount than requested. Both Pennwalt and Edison filed actions in the Ingham County Circuit Court, seeking review of the rate increase pursuant to MCL 462.26; MSA 22.45. The actions were consolidated by the trial court.

In 1978, the commission granted two subsequent requests for rate increases to Edison. Thereafter, Edison filed a motion for summary judgment based upon GCR 1963, 117.2(3), asserting that the 1978 rate increases rendered moot the actions challenging the 1976 rate increase.

On May 30, 1979, the trial court granted summary judgment to Edison on the ground that the subsequent rate increases rendered the actions moot, in view of the fact that no remedy was available.

On appeal, Pennwalt contends that the trial court erred in holding that it was without authority to grant a refund upon a finding that the rates were unreasonable or unlawful. We agree.

MCL 462.26(a); MSA 22.45(a) is controlling. It states, in pertinent part:

"Any common carrier or other party in interest, being dissatisfied with any order of the commission fixing any rate * * * may * * * commence an action in

the circuit court in chancery for the county of Ingham
* * *. All suits brought under this section shall have
precedence over any civil cause of a different nature
pending in such court, * * * and the same *shall pro-
ceed, be tried and determined as other chancery suits.
* * ** and the said circuit court in chancery is hereby
given jurisdiction of such suits and empowered to
affirm, vacate or set aside the order of the commission
in whole or in part, and *to make such other order or
decree* as the court shall decide to be in accordance
with the facts and the law." (Emphasis added.)

The statute is clear and unambiguous on its
face, requiring no construction. *Michigan Consoli-
dated Gas Co v Public Service Comm,* 389 Mich
624, 635; 209 NW2d 210 (1973). In scrutinizing the
statute, we find no impediment to a judicially
authorized refund. On the contrary, the statute
allows the court to fashion an equitable remedy.
*Id.,* 631. Therefore, upon a finding that the rates
charged were unreasonable or unlawful, the Ing-
ham County Circuit Court has the authority to
order the excess payments refunded to the con-
sumer. *Northwestern Bell Telephone Co v State of
Minnesota,* 299 Minn 1; 216 NW2d 841 (1974),
*Williams v Washington Metropolitan Area Transit
Comm,* 134 US App DC 342; 415 F2d 922 (1968),
*Mountain States Telephone & Telegraph Co v
Public Utilities Comm,* 180 Colo 74; 502 P2d 945
(1972). But see, *Foshee v General Telephone Co,*
295 Ala 70; 322 So 2d 715 (1975).[1]

Edison argues that a judicially authorized re-
fund constitutes retroactive rate-making, which is
prohibited by the holding of *Michigan Bell Tele-
phone Co v Public Service Comm,* 315 Mich 533;

---

[1] Other cases cited by Edison are not applicable in that they
interpret statutes which expressly prohibit refunds, *cf. Keco Indus-
tries, Inc v Cincinnati & Suburban Bell Telephone Co,* 166 Ohio St
254; 141 NE2d 465 (1957), or involve untimely appeals, *cf. Straube v
Bowling Green Gas Co,* 360 Mo 132; 227 SW2d 666 (1950).

24 NW2d 200 (1946). It is true that rate-making is a quasi-legislative function, which is prospective only. However, this rule is not applicable to the case before us. A judicially mandated refund is the result of statutorily authorized review of the commission's orders and does not constitute retroactive rate-making. *Mountain States Telephone & Telegraph Co, supra,* 81-82; *Mountain States Telephone & Telegraph Co v Arizona Corp Comm,* 124 Ariz 433, 436 (Ariz App, 1979).

Finally, Edison urges us to hold that Pennwalt is precluded from receiving a refund because of its failure to seek an injunction in the trial court. Michigan's statutory scheme allows an aggrieved party to seek an injunction staying an order of the commission pending the outcome of appeal. MCL 462.26(b); MSA 22.45(b). *Michigan Consolidated Gas Co, supra,* 640. The statute is permissive only. There is no requirement that an injunction be sought as a condition of full judicial review. *Mountain States Telephone & Telegraph Co v Public Utilities Comm, supra,* 82. Although an injunction may be the best method of preserving the rights of the parties, this Court will not expand the clear language of the statute to require an injunction prior to ordering a refund.

In view of our holding that a refund may be ordered by the trial court in appropriate cases, this case is not rendered moot by the subsequent rate increases.

Reversed and remanded for consideration on the merits. No costs, a public question being involved.