BUILDING OWNERS AND MANAGERS ASSOCIATION OF
METROPOLITAN DETROIT v PUBLIC SERVICE COMMISSION

Docket Nos. 60227, 60624. Submitted May 12, 1983, at Lansing.—
Decided January 17, 1984. Leave to appeal applied for.

The Public Service Commission granted The Detroit Edison Company a steam rate increase for a certain service area located in the City of Detroit. Building Owners and Managers Association of Metropolitan Detroit and others brought suit against the commission and The Detroit Edison Company in the Ingham Circuit Court, challenging the rate increase on the ground, *inter alia,* that proper notice of the hearing held by defendant commission on defendant Edison's requested rate increase had not been given. The circuit court agreed with plaintiffs that they were entitled to notice of the hearing and that adequate notice had not been given. The court remanded to the commission, ordering it to give adequate notice to steam customers in the affected service area and to hold another hearing for the purpose of taking additional evidence to determine whether the rate increase granted was reasonable. The court rejected plaintiffs' request that Detroit Edison be ordered to refund all money collected pursuant to the steam rate increase order and to cease charging plaintiffs at the increased rate. The case was then reheard by the commission, after giving notice to steam customers in the affected service area, and, on March 14, 1977, the commission issued an order finding that the rate increase granted was reasonable. This order of the commission was affirmed by the circuit court, Ray C. Hotchkiss, J. Plaintiffs appealed. Prior to this order of the circuit court, the case had been remanded to defendant commission a second time pursuant to a stipulation by the parties, and defendant commission had again affirmed its original rate increase order of September 21, 1970. As a related matter, plaintiffs also filed, in April of 1977, a second suit challenging defendant commission's order of March 14, 1977. The circuit court granted defendants' motion for accelerated judgment under GCR 1963, 116.1(4) on the

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 64 Am Jur 2d, Public Utilities §§ 266, 267.
[3] 64 Am Jur 2d, Public Utilities § 276 *et seq.*

ground that this suit involved the same claim as the first pending suit filed by plaintiffs. Plaintiffs also appealed from this order of the circuit court. The cases were consolidated on appeal. *Held:*

1. Failure of the Public Service Commission to give notice adequate to satisfy the requirements of due process and the statutory notice required where approval of a rate increase is sought does not render the commission's approval void *ab initio.* Rather, the proper remedy is to conduct another hearing on the rate increase request after proper and adequate notice, and to leave intact the rate increase previously granted unless it is found to be unreasonable. The statute requiring notice to be given where a utility rate increase is sought does not make adequate notice a jurisdictional requirement.

2. The standard of judicial review of a decision of the Public Service Commission is whether that decision is lawful and supported by competent, material, and substantial evidence on the whole record. The burden is on the party opposing to show by clear and convincing evidence that the commission's order was unlawful or unreasonable. The commission's decision was supported by competent, material, and substantial evidence.

Affirmed.

1. PUBLIC UTILITIES — RATE INCREASES — NOTICE — REMEDIES.

Failure of the Public Service Commission to give notice adequate to satisfy the requirements of due process and the statutory notice required where approval of a rate increase is sought does not render the commission's approval void *ab initio;* rather, the proper remedy is to conduct another hearing on the rate increase request, after proper and adequate notice, and to leave intact the rate increase previously granted unless it is found to be unreasonable (MCL 460.6a; MSA 22.13[6a]).

2. PUBLIC UTILITIES — PUBLIC SERVICE COMMISSION — JURISDICTION — NOTICE.

The statute requiring notice to be given where a utility rate increase is sought does not make adequate notice a jurisdictional requirement (MCL 460.6a; MSA 22.13[6a]).

3. PUBLIC UTILITIES — PUBLIC SERVICE COMMISSION — APPEAL.

The standard of judicial review of a decision of the Public Service Commission is whether that decision is lawful and supported by competent, material, and substantial evidence on the whole record; the burden is on the party opposing to show by clear and convincing evidence that the commission's order was unlawful or unreasonable; the reviewing court is to give due

deference to the commission's administrative expertise and is not to substitute its judgment for that of the commission (Const 1963, art 6, § 28).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Hugh B. Anderson,* Assistant Attorney General, for the Attorney General.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Arthur E. D'Hondt* and *John M. Dempsey,* Assistants Attorney General, for the Public Service Commission.

*Barris, Sott, Denn & Driker* (by *Sharon M. Woods, David K. McDonnell* and *Morley Witus),* for plaintiffs-appellants and cross-appellees.

*Kenneth A. McKanders,* for plaintiff Wayne State University.

*Christopher C. Nern, A. Robert Pierce, Jr.,* and *John H. Flynn;* and *Fisher, Franklin, Ford, Simon & Hogg* (by *George Hogg, Jr., Arthur J. LeVasseur,* and *Sidney M. Berman),* for intervening defendant, The Detroit Edison Company.

Before: MacKENZIE, P.J., and M. J. KELLY and S. EVERETT,* JJ.

MacKENZIE, P.J. This case arises from defendant Michigan Public Service Commission's September 21, 1970, order granting defendant The Detroit Edison Company a steam rate increase for a certain service area located in the City of Detroit. Plaintiffs, customers of defendant Edison who were affected by the steam rate increase, filed an action

---

* Circuit judge, sitting on the Court of Appeals by assignment.

in circuit court challenging the rate increase on the ground, *inter alia,* that proper notice of the hearing held by defendant commission on defendant Edison's requested rate increase had not been given. It is undisputed that the only third party to receive formal notice of the hearing was the City of Detroit. The circuit court agreed with plaintiffs that they were entitled to notice of the hearing and that adequate notice had not been given. The circuit court remanded to defendant commission, ordering it to give adequate notice to steam customers in the affected service area and to hold another hearing for the purpose of taking additional evidence to determine whether the rate increase granted on September 21, 1970, was reasonable. However, the circuit court rejected plaintiffs' request that defendant Edison be ordered to refund all monies collected pursuant to the steam rate increase order of September 21, 1970, and to cease charging plaintiffs at the increased rate.

The case was then reheard by defendant commission, after giving notice to steam customers in the affected service area and, on March 14, 1977, defendant commission issued an order finding that the rate increase granted on September 21, 1970, was reasonable. This March 14, 1977, order of defendant commission was affirmed by the circuit court in an opinion and order dated September 11, 1981. It is from this order that plaintiffs now appeal as of right. Prior to this order of the circuit court, the case had been remanded to defendant commission a second time pursuant to a stipulation by the parties, and defendant commission had again affirmed its original rate increase order of September 21, 1970. As a related matter, plaintiffs also filed, in April of 1977, a second suit challenging defendant commission's order of March 14, 1977. At a hearing held on November 18, 1977, the

circuit court granted defendants' motion for accelerated judgment under GCR 1963, 116.1(4) on the ground that this suit involved the same claim as the first pending suit filed by plaintiffs. Plaintiffs also appeal by right from this order of the circuit court.

Plaintiffs argue on appeal that the circuit court correctly found that procedural due process and MCL 460.6a; MSA 22.13(6a) (hereinafter referred to as § 6a) entitled plaintiffs, as individual steam customers of defendant Edison, to notice of the hearing before defendant commission on defendant Edison's requested steam rate increase, and that the notice given only to the City of Detroit was not adequate. Plaintiffs assert, however, that the court erred in simply remanding to defendant commission for adequate notice and another hearing without declaring defendant commission's September 21, 1970, rate increase order void *ab initio* and without ordering defendant Edison to refund monies collected pursuant to that void order. Defendants argue alternatively that neither procedural due process nor statute entitled plaintiffs to notice, that the notice given to the City of Detroit satisfied any right of plaintiffs to notice, and that, even if adequate notice was not given, the circuit court properly remanded to defendant commission for another hearing with adequate notice thereof and properly rejected plaintiffs' arguments that the September 21, 1970, order was void *ab initio.*

We will assume without deciding that the circuit court correctly concluded that procedural due process and § 6a entitled plaintiffs to notice of the hearing before defendant commission and that the notice given to the City of Detroit was not adequate notice to plaintiffs. We decline to decide these issues because the result we reach in this

case makes it unnecessary to do so. Also, we note that the present language of § 6a pertaining to notice, as amended in 1982, differs from that which existed in 1970, the time pertinent to the instant case.

We conclude that the trial judge, upon finding there was inadequate notice to satisfy due process and the notice requirement of § 6a, was not required to declare the original rate increase order void *ab initio* and to order a refund to plaintiffs. Rather, we find the court acted properly in remanding to defendant commission for another hearing with adequate notice, leaving intact the rate increase previously granted unless found to be unreasonable upon rehearing.

Turning to the particular arguments made by plaintiffs, we reject their contention that the September 21, 1970, rate increase order was void because adequate notice was a prerequisite to defendant commission's invocation of jurisdiction. Section 6a, as it existed in 1970, provided in pertinent part as follows:

"When any finding or order is sought by any gas, telephone or electric utility to increase its rates and charges or to alter, change or amend any rate or rate schedules, the effect of which will be to increase the cost of services to its customers, notice shall be given within the service area to be affected." MCL 460.6a; MSA 22.13(6a).

While this language of § 6a requires notice, we do not interpret it to make notice a prerequisite to jurisdiction of defendant commission. Nor does MCL 460.6; MSA 22.13(6) (hereinafter referred to as § 6), which grants defendant commission jurisdiction to regulate public utilities, contain any

language indicating that notice is a jurisdictional requirement.

We find *G & A Truck Line, Inc v Public Service Comm,* 337 Mich 300; 60 NW2d 285 (1953), and *Consumers Power Co v Michigan Public Utilities Comm,* 273 Mich 184; 262 NW 664 (1935), relied on by plaintiffs, distinguishable from the present case. In *G & A Truck Line, supra,* the Supreme Court held that the commission lacked jurisdiction to grant additions to the permit of the plaintiff, a contract carrier, not only because the commission failed to give notice and conduct a hearing, but also because no application to amend the permit had been filed. The Court explained that the commission could do only those things authorized by statute. Although the Court in *G & A Truck Line, supra,* did not expressly refer to MCL 477.2; MSA 22.549 in its opinion, that statutory provision was applicable to the facts of the case and, at the time of the *G & A Truck Line* decision, it provided that the commission was vested with "power and authority * * * upon the filing of an application". In *Consumers Power Co, supra,* the Court found that the commission was without jurisdiction to order an audit of the plaintiff utility because no hearing or investigation with notice thereof had been conducted. The statute involved in that case was MCL 460.556; MSA 22.156, granting the commission the "power, in connection with any rate or service hearing or investigation, to make such audit" as it deemed necessary. We find that the language of the statutory provisions involved in the present case, § 6 and § 6a, differs from that involved in *G & A Truck Line* and *Consumers Power Co* and does not indicate that notice is a prerequisite to defendant commission's jurisdiction. We also note that here defendant commission did conduct a

hearing, albeit without notice to plaintiffs, before issuing its September 21, 1970, rate increase order; in *G & A Truck Line, supra,* and *Consumers Power Co, supra,* no hearing was held.

Nor do we agree with plaintiffs that the failure to give notice as required by § 6a of the act rendered the September 21, 1970, rate increase order void. Plaintiffs, in support of their position, cite *Kirkby v Public Service Comm,* 320 Mich 608; 32 NW2d 1 (1948). However, that case is distinguishable because there the Court held that the commission's order granting a transportation certificate to a common carrier was void not merely because of the commission's failure to give notice, as required by the applicable statute, but also because the certificate authorized transportation services beyond that which had been applied for, and thus the commission had exceeded its statutory powers. Plaintiffs also rely on *Baura v Thomasma,* 321 Mich 139; 32 NW2d 369 (1948), where the Court deemed void a permit granted by a zoning board because the notice of hearing given by the board did not comply with the statutory requirements. *Baura,* and indeed *Kirkby* as well, are inapposite to the instant case in that neither involved a utility's request for a rate increase, a factual setting which is unique in that rate orders of defendant commission may operate only prospectively and not retroactively. *Michigan Bell Telephone Co v Public Service Comm,* 315 Mich 533; 24 NW2d 200 (1946). Consequently, if a rate order were held void for failure to give notice, in subsequent proceedings a rate adjustment could be made only from the time of those subsequent proceedings, and thus the possibility of a rate adjustment for the time period between the original order and the subsequent proceedings would be irretrievably lost.

The holding in *Northern Michigan Water Co v Public Service Comm,* 381 Mich 340; 161 NW2d 584 (1968), supports our conclusion that the failure to comply with the statutory notice requirement did not render the September 21, 1970, rate order void and mandate that plaintiffs be given a refund. In *Northern Michigan Water Co, supra,* the Court found that the plaintiff utility's failure to file its rate schedule as required by statute did not alone make those rates illegal and warrant a refund to the consumers. Rather, the Court held that the reasonableness of the rates was the test of their legality, and a refund could be ordered only if the rates were found to be unreasonable. See also *Pennwalt Corp v Public Service Comm,* 109 Mich App 542, 545; 311 NW2d 423 (1981), *lv den* 417 Mich 893 (1983). In the present-case, although the statutory requirement of notice of the hearing was presumably not complied with, the rate approved by defendant commission's order of September 21, 1970, was never found unreasonable by defendant commission or the circuit court; thus, the circuit court did not err in refusing to declare that order void and to grant plaintiffs a refund.

With respect to the due process violation, which we have assumed occurred in the present case by the failure to give plaintiffs notice of the original hearing, we reject plaintiffs' contention that this procedural due process defect required the circuit court to declare the September 21, 1970, rate increase order void and to order a refund to plaintiffs. Where a due process violation is found because of the failure to file adequate notice of a hearing, the remedy is to remand for additional proceedings conforming with due process requirements. See, *e.g., Lawrence v Dep't of Corrections,* 81 Mich App 234, 239; 265 NW2d 104 (1978). This

was done in the present case. The circuit court ordered that notice of the rehearing be given to steam customers in the affected service area, and at the rehearing plaintiffs were afforded an opportunity to present additional evidence to the commission. Plaintiffs' suggestion in their brief on appeal that this rehearing was merely a perfunctory proceeding after which the commission simply "rubber-stamped" its original rate increase order, and that on rehearing the burden of proof was shifted to plaintiffs, is not supported by the record. The March 14, 1977, decision of defendant commission reflects that it fully considered the evidence and arguments presented by plaintiffs at the rehearing and that it recognized that, just as at any original hearing on a requested rate increase, on rehearing the burden remained on defendant Edison to prove that the rate increase was reasonable.

Due process did not require that, in addition to a remand for rehearing, the September 21, 1970, rate increase order be declared void and that defendant Edison be ordered to refund to plaintiffs the additional monies paid under that order and to cease charging plaintiffs at the increased rate. Such a resolution would have in effect penalized defendant Edison since, because defendant commission may not issue retroactive orders, defendant Edison would have automatically lost any opportunity to receive a rate increase for the period of time from the original rate increase order to the date of defendant commission's decision on rehearing, regardless of how justified an increase for that period might have been and despite the fact that defendant Edison had timely filed an application for a rate increase for that period. Underlying the right to due process are the principles of fair play and fundamental fairness.

*Dodge v Detroit Trust Co,* 300 Mich 575, 617-618; 2 NW2d 509 (1942). Surely, after finding a deprivation of procedural due process based on these principles, they should not then be contravened in fashioning a remedy in response to that deprivation. We find that the remand for rehearing was wholly adequate to remedy the failure to notify plaintiffs of the original hearing. On rehearing, defendant commission could have rescinded its September 21, 1970, rate increase order as unreasonable and granted plaintiffs a refund, which would have left plaintiffs in the same position as if they had been given notice of and successfully participated in the original proceeding. We note that the circuit court guaranteed that a refund would be paid if plaintiffs prevailed at the rehearing by requiring defendant Edison to post a bond in the amount of ten million dollars.

Supporting our conclusion that the circuit court, after finding a violation of the statutory and due process right to notice, reached the proper and fair resolution are *Michigan Consolidated Gas Co v Public Service Comm,* 389 Mich 624; 209 NW2d 210 (1973), and *Atlantic C L R Co v Florida,* 295 US 301; 55 S Ct 713; 79 L Ed 1451 (1934). In *Michigan Consolidated Gas Co, supra,* the Court upheld the lower court's issuance of a temporary injunction which granted a rate increase to the utility pending a determination by the commission and provided that, if the commission disallowed the increase, the customers would receive a refund, which the court secured by requiring the utility to post a bond. The Court explained that this use of a temporary injunction was the "best method for preserving the rights of all parties" since "rates cannot be made to operate retroactively". *Michigan Consolidated Gas Co, supra,* p

640. In *Atlantic C L R Co, supra,* the agency's original railroad freight charge increase order was reversed for incomplete factual findings; on remand the agency made the same order it had before but this time provided adequate fact-findings. This subsequent order was affirmed, and the railroad's customers then argued that the original order was of no effect since reversed and thus sought a refund of the additional charges paid under it up until the time the subsequent order was issued. The United States Supreme Court, in finding that equitable principles of restitution did not require that the customers be given a refund, noted that the agency could set rates only prospectively and not retroactively. *Atlantic C L R Co, supra,* 295 US 311. Similarly, in the present case the best method of remedying the failure to notify plaintiffs of the original hearing while preserving the rights of the parties was to remand for rehearing with adequate notice and to require defendant Edison to post a bond but to reject plaintiffs' request that the original order be held void and that defendant Edison be ordered to refund and cease charging at the increased rate, in view of the fact that defendant commission is precluded from setting rates retroactively.

We reject as sophistical plaintiffs' argument that defendant commission's March 14, 1977, order is invalid because it imposes an unlawful retroactive rate increase. Defendant commission does not, of course, have the statutory authority to issue retroactive orders. *Michigan Bell Telephone Co, supra.* However, defendant commission did have the statutory authority to rehear the present rate case, MCL 460.351; MSA 22.111, and its March 14, 1977, order pursuant thereto merely upheld as reasonable its September 21, 1970, prospective rate in-

crease order and did not newly establish rates to be applied retroactively.

Plaintiffs also challenge on its merits the March 14, 1977, order of defendant commission finding the rate increase previously granted to be reasonable. More specifically, plaintiffs argue that defendant commission erred in using a "capital attraction" test, under which defendant Edison's entire operation including both its steam and electrical divisions was considered, rather than the "comparable earnings" test proposed by plaintiffs, under which only defendant Edison's steam division would be considered and compared to the average rate of return of other steam utilities. Plaintiffs also argue that defendant commission erred in refusing to apply the "declining industry" theory proposed by plaintiffs; this theory essentially states that, where a utility is a declining industry, a rate increase is futile since it will only serve to drive away customers and thus not succeed in producing the desired rate of return. The circuit court rejected plaintiffs' arguments and affirmed defendant commission's March 14, 1977, order, finding that defendant commission's adoption of the "capital attraction" test and its conclusion that defendant Edison's steam operation was not a "declining industry" were supported by competent, material, and substantial evidence and were not contrary to law. We agree.

The standard of judicial review of a decision of defendant commission is whether that decision is lawful and supported by competent, material, and substantial evidence on the whole record. Const 1963, art 6, § 28; *Chicago, M, St P & P R Co v Public Service Comm,* 74 Mich App 678, 680; 254 NW2d 39 (1977), *lv den* 401 Mich 817 (1977). The burden is on plaintiffs to show by clear and con-

vincing evidence that defendant commission's March 14, 1977, order was unlawful or unreasonable. MCL 462.26; MSA 22.45; *City of Ishpeming v Public Service Comm,* 370 Mich 293; 121 NW2d 462 (1963). The reviewing court is to give due deference to defendant commission's administrative expertise and is not to substitute its judgment for that of defendant commission. *Yankoviak v Public Service Comm,* 349 Mich 641, 648; 85 NW2d 75 (1957); *Chicago, M, St P & P R Co, supra.*

We will not attempt to summarize the prodigious amount of evidence presented to defendant commission. Suffice it to say that plaintiffs have failed to meet their burden of proving that defendant commission's March 14, 1977, decision was unlawful or not supported by competent, material, and substantial evidence. That decision reflects that defendant commission carefully considered plaintiffs' proposed "comparative earnings" test and "declining industry" theory, and concluded, based on the evidence presented, that neither could be properly applied in the present case. We note that the "capital attraction" test employed by defendant commission is lawful, see *Michigan Bell Telephone Co v Public Service Comm,* 332 Mich 7, 38; 50 NW2d 826 (1952), and in the present case it was uncontroverted that defendant Edison's common stock is issued for it as an entity as a whole and not separately for the steam and electric divisions. We also note that, with respect to plaintiffs' "declining industry" theory, there was evidence showing that the amount of steam sold by defendant Edison increased during the years 1968 to 1970, and during the period February 1, 1970, to August 1, 1972, new steam customers were added, many customers increased consumption, and there was a gain in revenue of approximately $1.4 mil-

lion in new-customer revenue over that lost to gas conversion. While there was other evidence supporting plaintiffs' proposed "comparative earnings" test and "declining industry" theory, whether the latter should be applied or not based on the facts of the present case were issues calling for defendant commission's expertise, and thus we must accord due deference to defendant commission's choice between these reasonably differing views. *Chicago, M, St P & P R Co, supra.*

In view of the foregoing, we need not address the issues raised by defendants on cross-appeal. Also, although plaintiffs have appealed from the circuit court's grant of accelerated judgment for defendants in the related case, plaintiffs have admitted that they do so based on the same arguments which we have discussed and rejected above. Plaintiffs do not challenge the propriety of that grant of accelerated judgment per se based on GCR 1963, 116.1(4), and thus that issue is not before us.

Affirmed. No costs, a public question being involved.