CITY OF MARSHALL v CONSUMERS POWER COMPANY (ON REMAND)

CITY OF MARSHALL v CONSUMERS POWER COMPANY (ON SECOND REMAND)

CITY OF MARSHALL v CONSUMERS POWER COMPANY

Docket Nos. 156321, 156322, 156464. Submitted May 18, 1994, at Lansing. Decided September 7, 1994, at 9:05 A.M. Leave to appeal sought.

The City of Marshall filed a complaint with the Public Service Commission, seeking to have Consumers Power Company enjoined from extending electric service to Progressive Dynamics, Inc., a customer of the city's electric utility company, without first seeking a certificate of public convenience and necessity pursuant to 1929 PA 69, MCL 460.501 *et seq.*; MSA 22.141 *et seq.* Consumers argued that it was not required to seek a certificate of necessity pursuant to Act 69 because it held a vested contractual right under a franchise, issued pursuant to 1905 PA 264, to supply electricity within the City of Marshall. The PSC rejected Consumers' argument that the certificate requirement of Act 69 applies only where a utility provides service within a municipality for the first time, declined to determine whether Consumers had a valid franchise under Act 264, and prohibited Consumers from extending service to Progressive without first seeking a certificate of necessity pursuant to Act 69. Consumers appealed. The Court of Appeals dismissed the appeal, holding that there was no appeal of right from the PSC's order. Unpublished order of the Court of Appeals, decided August 14, 1991 (Docket No. 132581). The Supreme Court remanded the matter to the Court of Appeals for consideration as on leave granted, directing the Court of Appeals to determine whether it had jurisdiction over the appeal. Sub nom *In re Complaint of the City of Marshall Against Consumers Power Company,* 440 Mich 914 (1992). The appeal was docketed as Docket No. 156321.

During the pendency of the proceedings before the Public Service Commission relative to the complaint concerning electrical service to Progressive Dynamics, Inc., the City of Marshall brought an action in the Calhoun Circuit Court against Con-

sumers Power Company, seeking an injunction prohibiting Consumers from connecting or providing electric service to Progressive during the pendency of the proceedings before the PSC. The court, James Kingsley, J., entered an injunctive order. Consumers appealed. The Court of Appeals vacated the circuit court's order and dismissed the matter for lack of subject-matter jurisdiction, holding that there was no statutory authority for equitable intervention in aid of PSC proceedings. Unpublished order of the Court of Appeals, decided July 2, 1990 (Docket No. 126502). The Supreme Court remanded for consideration as on leave granted. 435 Mich 881 (1990). The Court of Appeals dismissed the appeal as moot. Unpublished order of the Court of Appeals, decided August 14, 1992 (Docket No. 132884). The Supreme Court again remanded for consideration as on leave granted. 440 Mich 914 (1992). The appeal was docketed as Docket No. 156322.

The City of Marshall filed a complaint with the Public Service Commission, seeking to have Consumers Power Company enjoined from providing electric service to the Marshall Training Center, a facility owned by Consumers but serviced by the city's electric utility company, without first seeking a certificate of public convenience and necessity pursuant to Act 69. The PSC held that its decision in the Progressive case was controlling and that Consumers could not provide electric service to its Marshall Training Center facility until it secured a certificate of necessity pursuant to Act 69. Consumers appealed. The appeal was docketed as Docket No. 156464.

The appeals were consolidated.

The Court of Appeals *held:*

1. By statute, MCL 462.26(1); MSA 22.45(1), an appeal as of right to the Court of Appeals exists from an order of the Public Service Commission fixing services. However, the order in this case did not fix a service, the providing of electricity, and did not determine with finality whether Consumers could supply electricity. Accordingly, there lies no appeal as of right from these orders of the PSC. Because there is no appeal as of right with respect to these orders, the Court of Appeals also lacks authority to grant leave to appeal from such orders. MCR 7.203(B)(4).

2. A party aggrieved by an order of the PSC bears the burden of proving by clear and satisfactory evidence that the order is unlawful and unreasonable.

3. The certificate requirement of Act 69 is not inherently inconsistent with a franchise granted under Act 264. Consumers has not met its burden of showing that the PSC's orders

requiring it to satisfy the certificate requirement of Act 69 were unlawful or unreasonable.

4. In this case and under these facts, the circuit court had jurisdiction to grant equitable relief to preserve the status quo during the pendency of the proceedings before the PSC.

Affirmed.

*Varnum, Riddering, Schmidt & Howlett* (by *Teresa S. Decker*), for the City of Marshall.

*W. E. Wisner*, for Consumers Power Company.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Don L. Keskey* and *Tonatzin M. Alfaro Garcia*, Assistant Attorneys General, for the Public Service Commission.

Amici Curiae:

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Kester K. So* and *Michael S. Ashton*), for the Michigan Municipal League and others.

*Bauckham, Sparks, Rolfe & Thomsen, P.C.* (by *Lynda E. Thomsen*), for the Michigan South Central Power Agency.

Before: MURPHY, P.J., and McDONALD and F. D. BROUILLETTE,* JJ.

PER CURIAM. In Docket No. 156321, Consumers Power Company claims an appeal from an order entered on August 30, 1990, by the Public Service Commission (PSC) in Case No. U-9561, granting the complaint filed by plaintiff, City of Marshall, and enjoining Consumers from extending electric service to Progressive Dynamics, Inc., without first seeking to obtain a certificate of public conve-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

nience and necessity (CPCN) pursuant to 1929 PA 69 (Act 69), MCL 460.501 *et seq.*; MSA 22.141 *et seq.* Consumers' original claim of appeal was dismissed by this Court for lack of jurisdiction for the reason that the August 30, 1990, order issued by the PSC was not appealable as of right pursuant to MCL 462.26(1); MSA 22.45(1). Unpublished order of the Court of Appeals, decided August 14, 1991 (Docket No. 132581). Our Supreme Court remanded the case to this Court for consideration as on leave granted. This Court was directed to determine whether it has jurisdiction over the appeal by claim or otherwise. Sub nom *In re Complaint of the City of Marshall Against Consumers Power Company,* 440 Mich 914 (1992).

In Docket No. 156322, Consumers appeals an order entered on February 15, 1990, by the Calhoun Circuit Court enjoining it from connecting or providing electric service to Progressive during the pendency of the case before the PSC. This order is before this Court for the third time. Originally, this Court vacated the circuit court's order and dismissed the matter for lack of subject-matter jurisdiction. This Court's order stated that no statutory authority recognized equitable intervention in aid of PSC proceedings. Unpublished order of the Court of Appeals, decided July 2, 1990 (Docket No. 126502). Our Supreme Court remanded the case for consideration as on leave granted. 435 Mich 881 (1990). Thereafter, this Court dismissed the appeal as moot. This Court's order stated that the PSC's order of August 30, 1990, prohibiting Consumers from extending service to Progressive without first seeking to obtain a CPCN had the same effect as the preliminary injunction issued by the circuit court. Unpublished order of the Court of Appeals, decided August 14, 1992 (Docket No. 132884). Our Supreme Court remanded the case

for consideration as on leave granted. 440 Mich 914 (1992).

In Docket No. 156464, Consumers claims an appeal from an order entered on August 25, 1992, by the PSC in Case No. U-10006, granting the complaint filed by the city, ordering Consumers to discontinue providing electric service to the Marshall Training Center (MTC), and directing that Consumers not restore such service without first obtaining a CPCN.

This Court consolidated the cases for purposes of hearing and decision. We affirm in each case.

FACTS PERTINENT TO DOCKET NOS. 156321 AND 156322

Electric service in Marshall, Michigan, is provided by the city and Consumers. The city owns and operates the municipal electric utility. The utility provides electric service throughout the municipality to all but sixteen residents and businesses within the city limits. Consumers, a privately owned public utility, provides electric service to and conducts an electricity business in the city pursuant to a franchise granted to its predecessor, Jackson Light & Power Company. 1905 PA 264, popularly known as the Foote act, granted a franchise to electric utilities, including those in municipalities, to use the streets to conduct an electricity business and to transmit electric power. Consumers provides electric service to sixteen customers within the city. Ten of the sixteen customers receive electric service from both Consumers and the city. Consumers has only four exclusive customers within the City of Marshall.

In December 1989, the city learned that Consumers was planning to construct a line to extend service to Progressive Dynamics, an exclusive customer of the city. On December 26, 1989, the city

filed with the PSC a formal complaint alleging that Consumers was required to obtain a CPCN before constructing facilities for or providing electric service to Progressive. The city alleged that allowing Consumers to provide electric service to Progressive without first obtaining a CPCN would result in an unnecessary duplication of facilities, would not serve the public convenience, and would constitute an attempt by Consumers to unlawfully take a customer from the city's exclusive territory.

In January 1990, the city filed an action in the Calhoun Circuit Court seeking to enjoin Consumers from serving Progressive until the PSC acted on its complaint. In a preliminary injunction dated February 15, 1990, the circuit court, James Kingsley, J., enjoined Consumers from providing electric service to Progressive while the matter was pending before the PSC.

In the proceedings before the PSC, Consumers moved to dismiss the city's complaint, arguing that it was not required to obtain a CPCN pursuant to Act 69 because it had a Foote act franchise, which predated Act 69, to provide electric service to any customer located within the City of Marshall. Consumers relied on *Traverse City v Consumers Power Co,* 340 Mich 85; 64 NW2d 894 (1954), in which the Supreme Court held that a Foote act franchise constituted a vested contractual right that could not be impaired by abrogation of the Foote act by a subsequently adopted constitutional provision, Const 1908, art 8, § 28.

In response to the motion, the city argued that the provisions of Act 69 applied to activities undertaken by utilities after April 23, 1929, the effective date of the act. Moreover, assuming that Consumers had a valid Foote act franchise, application of Act 69 would not be retroactive because the city was not contending that Consumers should obtain

a CPCN to serve customers it had been serving before 1929. The city argued that *Traverse City, supra,* was not controlling because that case dealt with an attempt by the city to preclude the utility from constructing facilities in any part of the city that it or its predecessors in interest had not previously served and because it did not address the impact of or refer to Act 69. In that case the utility intended to serve a new customer.

On May 22, 1990, the PSC hearing officer issued a proposal for decision, finding that, in light of the holding in *Traverse City, supra,* a utility operating under a Foote act franchise has the right to extend service throughout a municipality and holding that Consumers was not required to obtain a CPCN before extending service to Progressive or to any other customer in the City of Marshall. The hearing officer recommended that the city's complaint be dismissed.

On August 30, 1990, the PSC issued its opinion and order. The PSC found that *Traverse City, supra,* was distinguishable because it dealt with an injunction that barred the utility from constructing facilities in any part of the city that it or its predecessors in interest had not previously served and because it dealt with the utility's desire to serve a new customer. The PSC concluded that, in light of these differences, *Traverse City, supra,* did not support dismissal of the city's complaint.

In addition, the PSC rejected Consumers' argument that Act 69 required a utility to obtain a CPCN only when the utility constructs facilities or provides service within the municipality for the first time. The PSC found that this interpretation could lead to a significant amount of waste. Act 69 was designed to preclude such unnecessary duplication. While the application of Act 69 does not limit a utility's ability to compete with the munici-

pality for new customers, it regulates the utility's ability to take existing customers from a municipality.

Given its resolution of the case, the PSC declined to reach the issues whether Consumers holds a valid Foote act franchise and whether Act 69 was intended to have prospective or retroactive effect. The PSC also declined to prohibit Consumers from extending service to any other customer located within the city limits.

The PSC ordered that Consumers' motion to dismiss was denied, and that the city's complaint was granted. Consumers was prohibited from extending service to Progressive without first seeking to obtain a CPCN. The PSC reserved jurisdiction and the authority to issue further orders as the facts and circumstances required.

### FACTS PERTINENT TO DOCKET NO. 156464

In 1968, Consumers purchased the MTC and began erecting buildings on the property. The city provided electric service to the MTC and continued to do so after Consumers purchased the property. On October 18, 1991, Consumers bypassed the city's service and began providing its own service to the MTC. Consumers installed a generator and constructed service drops. The service provided by Consumers was identical to that provided by the city. On October 18, 1991 the city filed a complaint with the PSC challenging Consumers' attempt to provide service to the MTC without first obtaining a CPCN. On November 12, 1991, Consumers filed a motion to dismiss the complaint. Consumers denied that providing electric service to its own facility would constitute either serving a retail customer or an unnecessary duplication of facilities.

In an order entered on August 25, 1992, the PSC held that its decision in Case No. U-9561 was controlling. The PSC did not agree that any Foote act franchise held by Consumers obviated the need for Consumers to obtain a CPCN. The PSC found that compliance with the requirements of Act 69 was distinct from compliance with franchise requirements.

### DISCUSSION OF DOCKET NOS. 156321 AND 156464

This Court dismissed Consumers' claim of appeal from the PSC's order of August 30, 1990, for lack of jurisdiction, because the order was not appealable as of right pursuant to MCL 462.26(1); MSA 22.45(1). In remanding the case for consideration as on leave granted, our Supreme Court directed this Court to consider whether this Court has jurisdiction over the appeal by leave or otherwise. The issue of jurisdiction applies to both Docket Nos. 156321 and 156464, because the same type of order was issued by the PSC in each case.

MCL 462.26(1); MSA 22.45(1) provides in part:

> Except as otherwise provided . . . in this section, any common carrier or other party in interest, being dissatisfied with any order of the commission fixing any rate or rates, fares, charges, classifications, joint rate or rates, or any order fixing any regulations, practices, or services, may within 30 days from the issuance and notice of that order file an appeal as of right in the court of appeals.

Although Consumers is a party in interest and is dissatisfied with the PSC's orders, it does not have an appeal of right from the orders of August 30, 1990, and August 25, 1992. The orders prohibit Consumers from extending electric service to Progressive and the MTC without first seeking to ob-

tain a CPCN pursuant to Act 69. That which is involved in these cases is a service, i.e., the provision of electricity. The PSC's orders do not fix the service and do not determine with finality whether Consumers can supply electricity to these customers. Consumers must apply for the CPCN, a hearing must be held, and the PSC must issue an order granting or denying the CPCN before the question whether Consumers may render service to the customers will be final (fixed). Any party aggrieved by an order granting or denying a CPCN would have an appeal of right to this Court pursuant to MCL 462.26(1); MSA 22.45(1).

In addition, we conclude that this Court has no jurisdiction over the appeal by leave. Pursuant to MCL 600.308(2)(d); MSA 27A.308(2)(d), our Supreme Court has determined that this Court may grant leave to appeal from "any other judgment or order appealable to the Court of Appeals by law or rule." MCR 7.203(B)(4). No party has pointed to any law or rule that allows a party aggrieved by an order of the type entered by the PSC on August 30, 1990, and August 25, 1992, to seek leave to appeal.

Notwithstanding our conclusion that we lack jurisdiction over the appeals by right or by leave, we consider the substance of the issue raised in Docket Nos. 156321 and 156464 pursuant to our Supreme Court's remand order.

Consumers argues that pursuant to 1905 PA 264, the Foote act, it has a franchise to provide electric service to customers within the City of Marshall. This franchise created contractual rights that were not destroyed by the abrogation of the Foote act by Const 1908, art 8, § 28. *Traverse City, supra* at 103; see also *Lansing v Michigan Power Co,* 183 Mich 400; 150 NW 250 (1914); *Village of Constantine v Michigan Gas & Electric Co,* 296

Mich 719; 296 NW 847 (1941). The franchise gives Consumers the right to provide electric service to any customer within the City of Marshall and imposes on it the duty to do so upon reasonable demand.

The language of Act 69, § 2, MCL 460.502; MSA 22.142, which speaks of a utility beginning construction of a plant or system, indicates that a utility that commences operation in a municipality after April 23, 1929, the effective date of the act, must first obtain a CPCN. Consumers asserts that because it was operating within the City of Marshall before 1929 pursuant to its Foote act franchise, it is not seeking to commence operations. Rather, it is seeking to extend service to a customer within the city limits. It does not propose to render service outside its present service area; therefore, no CPCN is needed. *Indiana & Michigan Electric Co v Miller,* 19 Mich App 16, 21; 172 NW2d 223 (1969).

The standard of review for PSC orders is narrow and well established. Pursuant to MCL 462.25; MSA 22.44, all rates, fares, charges, classification and joint rates, regulations, practices, and services prescribed by the PSC are presumed, prima facie, to be lawful and reasonable. *Michigan Consolidated Gas Co v Public Service Comm,* 389 Mich 624; 209 NW2d 210 (1973). A party aggrieved by an order of the PSC bears the burden of proving by clear and satisfactory evidence that the order is unlawful or unreasonable. MCL 462.26(8); MSA 22.45(8). The term "unlawful" has been defined as an erroneous interpretation or application of the law, and the term "unreasonable" has been defined as unsupported by the evidence. *Associated Truck Lines, Inc v Public Service Comm,* 377 Mich 259; 140 NW2d 515 (1966). Moreover, Const 1963, art 6, § 28 also applies, and provides that a final agency order

must be authorized by law and be supported by competent, material, and substantial evidence on the whole record. See *Attorney General v Public Service Comm,* 165 Mich App 230, 235; 418 NW2d 660 (1987). A reviewing court gives due deference to the PSC's administrative expertise and is not to substitute its judgment for that of the PSC. *Yankoviak v Public Service Comm,* 349 Mich 641, 648; 85 NW2d 75 (1975); *Building Owners & Managers Ass'n of Metropolitan Detroit v Public Service Comm,* 131 Mich App 504, 517; 346 NW2d 581 (1984), aff'd 424 Mich 494; 383 NW2d 72 (1986).

Section 2 of Act 69, MCL 460.502; MSA 22.142, reads:

> No public utility shall hereafter begin the construction or operation of any public utility plant or system thereof nor shall it render any service for the purpose of transacting or carrying on a local business either directly, or indirectly, by serving any other utility or agency so engaged in such local business, in any municipality in this state where any other utility or agency is then engaged in such local business and rendering the same sort of service, or where such municipality is receiving service of the same sort, until such public utility shall first obtain from the commission a certificate that public convenience and necessity requires or will require such construction, operation, service, or extension.

Consumers' argument that by virtue of its Foote act franchise it has the right and the duty to serve any customer in the franchise area is without merit. Consumers relies on *Indiana & Michigan, supra,* in which this Court held that the utility did not need a CPCN to construct a wire across the defendant's farm, for the proposition that the existence of a Foote act franchise allows it to extend service to any customer in an area regardless of

whether that customer is already being served by another utility. This reliance is misplaced. That case does not indicate that the utility was attempting to provide service to an existing customer of another utility. *Indiana & Michigan, supra,* relied on the decisions of our Supreme Court in *Huron Portland Cement Co v Public Service Comm,* 351 Mich 255; 88 NW2d 492 (1958), and *Panhandle Eastern Pipe Line Co v Public Service Comm,* 328 Mich 650; 44 NW2d 324 (1951). Those cases made it clear that Act 69 was enacted to prevent duplication of facilities and the waste inherent in situations in which a public utility seeks to serve another utility's existing customer.

The cases recognizing the validity of a Foote act franchise, including *Traverse City, supra,* do not address the issue of the impact of subsequent regulation by the state pursuant to its police powers, as it did by the enactment of Act 69. The Foote act and Act 69 are not inherently inconsistent. The Act 69 CPCN requirement applies in specific circumstances, such as those in the instant cases, when duplication would result by virtue of extension of service by one utility to the existing customer of another utility.

Nothing in the Foote act grants a franchisee priority over other utilities in the area. *Public Service Comm v Cheboygan,* 324 Mich 309, 325; 37 NW2d 116 (1949). Moreover, Consumers' argument that the failure to refer to extension of service at the beginning of MCL 460.502; MSA 22.142 ignores the fact that at the end of the single sentence encompassing this section there is language that clearly provides that no extension of service can occur without first obtaining a CPCN. The language of the statute supports the position taken by the city rather than that taken by Consumers.

Assuming arguendo that Consumers has a valid

Foote act franchise, the fact that the franchise predates Act 69 does not make the application of Act 69 a retroactive application. The PSC's orders do not apply the requirements of Act 69 to service extended by Consumers to any customer obtained before 1929. Consumers does not argue that in the absence of a valid Foote act franchise it would not be required to seek a CPCN to extend service either to Progressive or to the MTC. Under the PSC's analysis, Act 69 applies regardless whether Consumers has a valid Foote act franchise.

Consumers has not met its burden of showing that the PSC's orders of August 30, 1990, and August 25, 1992, were unlawful or unreasonable.

We note that, ultimately, Consumers applied for a CPCN to serve Progressive. In an order entered on May 6, 1992, by the PSC in Case No. U-10005, the application was dismissed. Consumers did not appeal that order. Presumably, Consumers is proceeding with the appeal in Docket No. 156321 on the theory that because of the existence of its Foote act franchise, it was never actually required to apply for the CPCN. Nothing indicates that Consumers has applied for a CPCN to serve the MTC.

### DISCUSSION OF DOCKET NO. 156322

Consumers argues that the circuit court lacked jurisdiction to issue an injunction in this case. The PSC has exclusive jurisdiction to determine which utility may render electric service to a customer. MCL 460.502; MSA 22.142. Because the PSC has exclusive jurisdiction, the circuit court lacked equity jurisdiction to enter a preliminary injunction. *Fletcher Paper Co v Detroit & Mackinac R Co,* 175 Mich 234; 141 NW 613 (1913). The city's reliance on *Consumers Power Co v Public Service Comm,*

415 Mich 134; 327 NW2d 875 (1982), for the proposition that the circuit court had jurisdiction to enter a preliminary injunction in this case, is misplaced. In that case, the psc had acted and found that Consumers was entitled to increased rates, but delayed entering a final order. The circuit court entered an injunction allowing Consumers to post a bond and collect the increased revenues subject to refund following final psc action and appellate review. The circuit court action was upheld. In this case, the psc had not acted before injunctive relief was sought, and the city did not post a bond. Consumers asserts that *Consumers Power, supra,* is distinguishable and does not support the circuit court's exercise of its powers of equity under the circumstances of this case.

Initially, we note that the circuit court dissolved the preliminary injunction at issue here on July 18, 1990. Moreover, in its order of August 30, 1990, the psc granted the city's formal complaint and prohibited Consumers from extending electric service to Progressive without first seeking to obtain a cpcn. This clause in the psc's order had the same effect as the preliminary injunction issued by the circuit court. Resolution of this issue will make no practical difference in this matter. Nevertheless, by virtue of our Supreme Court's order remanding the case, this Court is obligated to consider the merits of the issue.

The power to regulate electric service is vested exclusively in the psc. MCL 460.502; MSA 22.142. Circuit courts are courts of equity, and have jurisdiction in all matters not prohibited by law. Const 1963, art 6, § 13. MCL 460.502; MSA 22.142 does not deprive the circuit courts of equity jurisdiction. In *Consumers Power, supra,* our Supreme Court held that the statutes delineating the powers of the psc did not deprive the circuit courts of gen-

eral equity jurisdiction and that if administrative procedures inadequately protected the substantive rights of a party, the circuit courts could exercise equitable powers to avoid irreparable harm. See also *White Lake Improvement Ass'n v Whitehall,* 22 Mich App 262; 177 NW2d 473 (1970). In the instant case the circuit court acted to prevent irreparable harm, specifically the taking of a large electric customer, to the city. The city had no other adequate means of preventing this harm.

Consumers' argument that *Consumers Power* is distinguishable because in that case the PSC had made a final decision, but simply had not issued a final order, is not persuasive. Here, the circuit court did not attempt to determine whether Consumers was required to obtain a CPCN before providing electric service to Progressive. Rather, the circuit court issued a preliminary injunction to maintain the status quo while the city's complaint was pending before the PSC. The question whether the circuit court had equity jurisdiction in this case is more properly analyzed under *Consumers Power,* than under *Fletcher Paper.* In this case, and under these facts, the circuit court had jurisdiction to grant equitable relief to preserve the status quo while the city's complaint was pending before the PSC.

Affirmed.