Per Curiam
 

 We are asked to decide whether the Court of Appeals or the Ingham Circuit Court has jurisdiction to review certain interlocutory orders of the Public Service Commission (psc). We hold that, by statute, any order “fixing any rate or rates, fares, charges, classifications, joint rate or rates, or any order fixing any regulations, practices, or services” is appealable as of right to this Court whether or not it is a final order. Because neither order at issue here fixes any rate, fare, charge, classification, joint rate, regulation, practice, or service, the orders are not appealable to this Court as of right. We further hold that we have no jurisdiction to consider them by leave. Finally, we conclude that, by statute, the Ingham Circuit Court may grant leave to appeal the contested orders but only if judicial review of the final
 
 *30
 
 order in this case “would not provide an adequate remedy.”
 

 FACTS
 

 MCL 460.6j; MSA 22.13(6j) allows the PSC to include in the rate schedule of a utility a power supply cost recovery (pscr) clause. Such a clause allows utilities to charge customers for the anticipated costs associated with the supply of electrical power, such as the cost of coal or other fuel burned by generating plants. The statute contemplates a multistep procedure. Each year a utility with such a clause in its rate schedule must file a pscr plan and a five-year forecast of power supply requirements. The PSC may or may not make a finding and enter a temporary order approving or partially approving the PSCR plan. In any event, the PSC either approves, disapproves, or modifies the proposed PSCR plan for the upcoming year. After the end of the year, a reconciliation phase begins, whereby the PSC makes adjustments to take into account the true cost of supplying power. The PSC can order a utility to refund amounts collected in excess of the true cost or allow a utility to recoup additional expenses from customers in the next plan year.
 

 On September 30, 1996, Detroit Edison Company filed its application for approval of its 1997 pscr plan and its five-year forecast for 1997 through 2001. On October 30, 1996, Edison filed a request to adjourn the 1997 PSCR plan proceedings. The hearing officer denied the request. Edison filed an application for leave to appeal with the PSC. On December 12, 1996, the PSC granted Edison’s application in part. The PSC agreed with the other parties that there was no sound basis for adjourning proceedings on Edison’s 1997
 
 *31
 
 pscr plan. However, the psc agreed with Edison that there were good reasons for delaying consideration of its five-year forecast:
 

 The reasons offered by Detroit Edison for delaying the Commission’s evaluation of its five-year forecast appear to be valid. The current move toward restructuring of the electric industry is unprecedented and has created uncertainty concerning the configuration of the electric industry in Michigan. Further, ratepayers are protected because the Commission will review Detroit Edison’s proposed 1997 pscr factor pursuant to the schedule already set by the AU and will ultimately render a decision with regard to the company’s five-year forecast in accordance with the requirements of Act 304.
 

 Accordingly, the psc adjourned, until further order, proceedings regarding the five-year forecast.
 

 Meanwhile, in response to discovery requests, Edison filed a motion for a protective order on December 6, 1996. A hearing officer denied the request on January 22, 1997. Edison applied for leave to appeal, arguing that it should be allowed to protect the confidentiality of its 1997 coal and natural gas costs, transportation expenses, and coal-blending procedures. It argued that public disclosure of the information would harm its ability to compete and would adversely affect its ability to negotiate lower costs for the benefit of its ratepayers. Edison argued that although protective orders had generally been disfavored in the past, this policy should be reevaluated in light of the emerging competitive marketplace for electrical power. The psc agreed with Edison and remanded to the hearing officer for approval of an appropriate protective order for the following reasons:
 

 
 *32
 
 The Commission finds that Detroit Edison’s motion for a protective order should be granted. In its December 12, 1996 order in this proceeding, the Commission recognized that the current move towards restructuring of the electric industry is unprecedented and has created uncertainty regarding the configuration of the electric utility industry in Michigan. For that reason, the Commission separated its consideration of Detroit Edison’s 1997 pscr proceeding from its five-year forecast in order to maintain the confidentiality of the information and the workpapers supporting its five-year forecast until a more certain regulatory climate is developed.
 

 As competitive forces begin to work, the use of protective orders in contested cases becomes more important. Indeed, protective orders are commonplace in telecommunications cases because it is generally recognized that they are necessary to protest competitively sensitive information from disclosure.
 

 The Commission finds that its February 20, 1985 order in Case No. U-8042 does not control the outcome of Detroit Edison’s motion. The Commission decision in that proceeding was issued in a different regulatory climate. The Commission is currently studying a proposal for the restructuring of the electric utility industry. Orders issued by the Commission and the Federal Energy Regulatory Commission have opened the doors to competition in the electric power market. Accordingly, the contention that a utility will be irreparably compromised by disclosure of commercially sensitive information and confidential cost data is much more compelling than it was a dozen years ago.
 

 One of the three commissioners dissented because a competitive market had not yet been established and, until competition arises, unfettered access to information by interested parties should be allowed.
 

 Appellants filed a petition for interlocutory review and a motion for immediate consideration in the Ingham Circuit Court. The PSC filed a motion for summary disposition, arguing that subject-matter jurisdic
 
 *33
 
 tion rests exclusively with this Court and not with the circuit court, and that the case should be transferred to this Court. The PSC relied on MCL 462.26; MSA 22.45, which provides, in relevant part:
 

 (1) Except as otherwise provided . . . , any common carrier or other party in interest, being dissatisfied with any order of the commission fixing any rate or rates, fares, charges, classifications, joint rate or rates, or any order fixing any regulations, practices, or services, may within 30 days from the issuance and notice of that order file an appeal as of right in the court of appeals. The court of appeals shall not have jurisdiction over any appeal that is filed later than the 30-day appeal period provided for in this subsection.
 

 (3) An appeal from any commission order that is filed in a timely manner but is incorrectly initiated in either the circuit court for the county of Ingham or the court of appeals shall be transferred by that court, on its own motion or on motion of a party, to the proper court and shall proceed as if timely filed in that court.
 

 (4) No injunction shall issue except upon application to the court of appeals following notice to the commission and a hearing. The court of appeals shall have the same equitable powers as possessed by the circuit court in chancery in the county of Ingham prior .to the effective date of subsection (2).
 

 (7) An appeal from a commission order pertaining to the application of existing commission rules, tariffs, or rate schedules to an individual customer in a contested case shall be filed in the circuit court for the county of Ingham within 30 days of the issuance and notice of an order.
 

 Appellants responded that they agreed in principle with the psc’s argument, but noted that this Court had
 
 *34
 
 held in a series of peremptory orders that the only orders appealable as of right to this Court are those that fix any rate or rates, fares, charges, classifications, joint rate or rates, or that fix any regulations, practices, or services. Edison argued that orders not embodied in opinions do not constitute binding precedent in other cases.
 

 The circuit court agreed with the psc and Edison. The court transferred the case to this Court pursuant to MCL 462.26(3); MSA 22.45(3). This Court returned the case to the circuit court, holding that the circuit court erred in transferring the matter and citing in support
 
 City of Marshall v Consumers Power Co (On Remand),
 
 206 Mich App 666, 674-675; 523 NW2d 483 (1994).
 

 Appellants applied to the Supreme Court for leave to appeal and moved for immediate consideration. The Supreme Court granted the motion for immediate consideration, vacated this Court’s order, and remanded for plenary review of the question concerning appellate jurisdiction. 456 Mich 882 (1997). The order provides that if this Court concludes that it has jurisdiction, it may proceed to consider the merits. If this Court concludes that it need not hear the appeal, this Court is instructed to address whether the circuit court is obligated to do so.
 

 COURT OF APPEALS JURISDICTION
 

 Before the amendment of MCL 462.26; MSA 22.45 by 1986 PA 312, the statute provided that any party in interest dissatisfied by an order of the PSC “fixing any rate or rates, fares, charges, classifications, joint rate or rates, or any order fixing any regulations, practices or services,” could commence an action in the Ing
 
 *35
 
 ham Circuit Court. At least one party would file such an appeal from almost every significant decision of the PSC. Moreover, in almost every case, the circuit court order would be appealed to this Court. Appellants contend that the statute was therefore amended to transfer such appeals to this Court, bypassing what was largely an unnecessary step in the circuit court, except when the PSC order amounted to the application of some existing rule or schedule to an individual customer in a contested case. In those situations, subsection 7 continues to allow an appeal to the circuit court.
 

 Appellants argue that because all relevant language in subsection 1 of the statute has remained the same, this Court has exactly the same jurisdiction over challenges to PSC orders as did the Ingham Circuit Court before the amendment. With regard to that jurisdiction, appellants contend that in
 
 Great Lakes Steel Division of Nat’l Steel Corp v PSC,
 
 416 Mich 166, 179; 330 NW2d 380 (1982), the Supreme Court held that before the amendment, the statute authorized appeals to the circuit court from both interlocutory and final orders. Therefore, appellants conclude that this Court has jurisdiction over, and must entertain claims of appeal from, PSC orders, including the orders at issue here. Appellants conclude that this Court’s many peremptory orders transferring cases to the circuit court were therefore in error, having been based on a faulty interpretation of the language of subsection 1 as limiting appeals to orders that fix rates, charges, regulations, .practices, and so forth. In addition, appellants contend that such an interpretation ignores MCL 460.4; MSA 22.13(4), which transferred the powers and jurisdiction of the former Public Utility Commis
 
 *36
 
 sion to the PSC. The last sentence of MCL 460.4; MSA 22.13(4) provides that “[a]ny order or decree of the Michigan public service commission shall be subject to review in the manner provided for in section 26 of Act No. 300 of the Public Acts of 1909, being section 462.26 of the Michigan Compiled Laws.” Because this sentence does not contain words of limitation, appellants contend that the types of orders at issue here are directly appealable to this Court, just as they were formerly directly appealable to the Ingham Circuit Court. We disagree and hold that this Court does not have jurisdiction over the orders at issue for the following reasons.
 

 Appellants have misconstrued the holding in
 
 Great Lakes Steel, supra.
 
 In that case, the question presented was whether an order of the PSC granting partial and immediate rate relief to a utility is a final decision or order within the meaning of the Administrative Procedures Act (apa), MCL 24.201
 
 et seq.)
 
 MSA 3.560(101)
 
 et seq.,
 
 and Const 1963, art 6, § 28, which must therefore be reviewed to determine whether it is supported by competent, material, and substantial evidence.
 
 Great Lakes Steel, supra
 
 at 169, 176. The Supreme Court held that such an order is not a final order and must instead be reviewed pursuant to MCL 462.26; MSA 22.45 to determine whether it is unlawful or unreasonable.
 
 Great Lakes Steel, supra
 
 at 180-182. In response to the argument that the order must be a final one because it was appealable as of right to the circuit court (pursuant to MCL 462.26; MSA 22.45 before the 1986 amendment), the Supreme Court noted that the statute provided that any common carrier or any other party in interest dissatisfied with “any order” of the PSC fixing any rate,
 
 *37
 
 charges, regulations, practices, or services may appeal as of right to the circuit court.
 
 Great Lakes Steel, supra
 
 at 179. The Supreme Court held that “an order fixing a rate is immediately appealable [,] not because it is final, but because a specific statute grants a right to appeal from
 
 any
 
 rate order, whether interlocutory or final.”
 
 Id.
 
 (emphasis in original). In other words, the Supreme Court held that the usual distinction between final and interlocutory orders is irrelevant under MCL 462.26; MSA 22.45. Rather, under that statute, any order that satisfies the description in what is now subsection 1, i.e., any order fixing rates, charges, services, and so forth, is appealable as of right, whether it is final or not. For purposes of this case, then, the dispositive question is not whether the orders are interlocutory (which they clearly are) but whether they fit within the statutory description.
 

 In
 
 Marshall, supra
 
 at 668-669, one of the questions presented was whether the utility could appeal as of right psc orders prohibiting it from extending electrical service to customers without first seeking to obtain a certificate of public convenience and necessity (cpcn). This Court held that there was no appeal of right from such an order and that this Court could not even grant leave to appeal from such an order for the following reasons:
 

 That which is involved in these cases is a service, i.e., the provision of electricity. The psc’s orders do not fix the service and do not determine with finality whether Consumers can supply electricity to these customers. Consumers must apply for the cpcn, a hearing must be held, and the psc must issue an order granting or denying the cpcn before the question whether Consumers may render service to the customers will be final (fixed). Any party aggrieved by an order
 
 *38
 
 granting or denying a cpcn would have an appeal of right to this Court pursuant to MCL 462.26(1); MSA 22.45(1).
 

 In addition, we conclude that this Court has no jurisdiction over the appeal by leave. Pursuant to MCL 600.308(2)(d); MSA 27A.308(2)(d), our Supreme Court has determined that this Court may grant leave to appeal from “any other judgment or order appealable to the Court of Appeals by law or rule.” MCR 7.203(B)(4). No party has pointed to any law or rule that allows a party aggrieved by an order of the type entered by the psc . . . to seek leave to appeal.
 
 [Marshall, supra
 
 at 675.]
 

 This holding may be incorrect to the extent that it suggests what is, under
 
 Great Lakes Steel, supra,
 
 an improper distinction between interlocutory and final orders. Nevertheless, it is correct on the merits because an order requiring that a utility must undertake some additional procedures before being allowed to provide a service is not an order “fixing” anything within the meaning of MCL 462.26(1); MSA 22.45(1).
 

 Similarly, the PSC orders at issue in this case do not fix any rate, regulation, practice, or service. Instead, one pertains to procedures to be followed and the timing of consideration of Edison’s five-year pscr forecast, and the other involves a discovery dispute regarding allegedly sensitive and confidential information. Both orders are thus specific to this case and the parties to it.
 
 [1]
 
 Therefore, as in
 
 Marshall, supra,
 
 appellants have no right to appeal those orders to this Court under MCL 462.26; MSA 22.45. Also, as explained in
 
 Marshall,
 
 this Court has no jurisdiction
 
 *39
 
 to entertain an application for leave to appeal those orders. To further build on the
 
 Marshall
 
 reasoning regarding this latter point, we note that MCR 7.203(B)(1) specifically allows this Court to grant leave to appeal any “judgment or order of the circuit court, court of claims, and recorder’s court which is not a final judgment appealable as of right.” Apart from MCL 462.26(1); MSA 22.45(1), which does not apply here, there is no similar rule or statute giving this Court power to grant leave to appeal from interlocutory administrative orders such as those at issue here.
 

 MCL 460.4; MSA 22.13(4) does not require a different result. Although the last sentence of that statute states that any order or decree of the PSC shall be subject to review, it also states that it shall be subject to review “in the manner provided for” in MCL 462.26; MSA 22.45. We believe that § 4 is meant to constitute a general statement regarding the manner in which an order of the PSC may be reviewed without thereby implying that all orders of the PSC are reviewable. For example, § 26 could explicitly state that some orders are appealable as of right, other orders are appealable by leave, while a third class of orders are not appealable at all. Instead, the Legislature chose only to state which orders are appealable as of right. In short, § 4 does not constitute a legislative grant of a right of review, but only points the way to § 26, the statute that determines whether and how review may be had. We cannot read § 4 to obviate the clear “fixing” requirement of § 26.
 

 We do not mean to imply that the orders at issue here may never be subject to review. It is generally the case that interlocutory orders are reviewable as
 
 *40
 
 of right in conjunction with any appeal of right following entry of a final order.
 
 Tomkiw v Sauceda,
 
 374 Mich 381, 385; 132 NW2d 125 (1965). The same rule applies to judicial review of agency decisions.
 
 Harper Hosp Employees’ Union Local No 1 v Harper Hosp,
 
 25 Mich App 662, 666-667; 181 NW2d 566 (1970). Although the interlocutory/final distinction is not directly applicable in a case such as this, we hold that a similar rule applies here. Once the PSC has issued an order appealable under MCL 462.26(1); MSA 22.45(1), an aggrieved party who appeals that order may challenge any previous orders of the PSC in the same case.
 

 CIRCUIT COURT JURISDICTION
 

 Appellants argue, in the alternative, that if this Court does not have jurisdiction to review the orders at issue, then the Ingham Circuit Court has jurisdiction. There are three ways to seek review of a decision by an administrative agency: (1) review pursuant to a procedure specified in a statute applicable to the particular agency, (2) the method of review for contested cases under the apa, or (3) an appeal pursuant to § 631 of the Revised Judicature Act (RJA), MCL 600.631; MSA 27A.631, in conjunction with MCR 7.104(A).
 
 Martin v Stine,
 
 214 Mich App 403, 407-408; 542 NW2d 884 (1995). Regarding the first of these, the only statute specifically applicable to the psc is MCL 462.26; MSA 22.45. Among its sections, appeals to the Ingham Circuit Court are mentioned only in MCL 462.26(7); MSA 22.45(7). However, appellants are not entitled to review under MCL 462.26(7); MSA 22.45(7) because the instant case does not involve a PSC “order pertaining to the application of existing commission rules, tariffs, or rate schedules to an indi
 
 *41
 
 vidual customer in a contested case . . . Such language contemplates the application of some substantive rule to an individual customer, not procedural rulings regarding bifurcation of a case or discovery disputes.
 

 Appellants argue that they are entitled to review under the APA, citing MCL 24.301; MSA 3.560(201), which provides, in pertinent part:
 

 A preliminary, procedural or intermediate agency action or ruling is not immediately reviewable, except that the court may grant leave for review of such action if review of the agency’s final decision or order would not provide an adequate remedy.
 

 As noted earlier, judicial review of a final order in this case will be available and an aggrieved party may challenge the orders at issue here as part of that review. If the circuit court determines that this does not provide “an adequate remedy” under the statutory language and the similar language of MCR 7.105(E), it could grant leave to review the orders at issue here. Because the circuit court did not make a determination in this regard, instead concluding incorrectly that jurisdiction rested exclusively with our Court, we remand for a further determination by the circuit court with regard to this issue.
 

 Finally, appellants are not entitled to circuit court review pursuant to § 631 of the rja. Review of administrative agency decisions under § 631 is limited to the review provided by Const 1963, art 6, § 28, which by its terms applies only to “final decisions, findings, rulings and orders of any administrative officer or agency . . . .”
 
 Southeastern Oakland Co Incinerator
 
 
 *42
 

 Authority v Dep’t of Natural Resources,
 
 176 Mich App 434, 438; 440 NW2d 649 (1989).
 

 CONCLUSION
 

 This Court has no jurisdiction to review the orders at issue here either by right or by leave. We remand this matter to the circuit court for a determination whether to grant leave to appeal consistent with this opinion. Should the circuit court grant leave to appeal, it should also decide the questions briefed by the parties regarding ripeness, exhaustion of remedies, and mootness. We do not retain jurisdiction.
 

 [1]
 

 In contrast, see
 
 In re Motor Carrier Act,
 
 223 Mich App 288, 297-298; 566 NW2d 299 (1997), where the contested psc decision constituted a “sweeping change” in enforcement practices with a “widespread” effect on “many practices of motor carriers” statewide.