ATTORNEY GENERAL v PUBLIC SERVICE COMMISSION

Docket No. 198419. Submitted April 9, 1998, at Lansing. Decided July 31, 1998, at 9:35 A.M. Leave to appeal sought.

Northern States Power Company-Wisconsin applied to the Public Service Commission for authority to suspend the implementation of its power supply cost recovery (PSCR) clause effective January 1, 1997, to December 31, 2000. The Attorney General intervened and requested a contested case hearing. Without conducting such a hearing, the commission issued an order approving the suspension. The Attorney General appealed.

The Court of Appeals *held*:

The Public Service Commission has statutory authority to suspend a PSCR clause and may do so without conducting a contested case hearing if such suspension will not result in a rate increase.

1. MCL 460.6j; MSA 22.13(6j), which explicitly authorizes the commission to incorporate a PSCR clause in the electric rates or rate schedule of a utility, implicitly authorizes the commission to suspend a PSCR clause.

2. MCL 460.6; MSA 22.13(6) grants the commission plenary power and jurisdiction to regulate public utilities in the state. Read together with § 6j, § 6 authorizes the commission to suspend a PSCR clause—at least where the suspension of the PSCR clause will not result in an increase in rates.

3. MCL 460.6a; MSA 22.13(6a) authorizes the commission to approve an alteration or amendment in the rates or rate schedules of a gas or electric utility without notice or hearing where the alteration or amendment will not result in a rate increase. Here, there is no evidence that the suspension of the PSCR clause will result in a rate increase.

Affirmed.

PUBLIC UTILITIES — PUBLIC SERVICE COMMISSION — POWER SUPPLY COST RECOVERY CLAUSES — SUSPENSION.

The Public Service Commission has statutory authority to suspend an existing power supply cost recovery clause of an electric utility and may do so without conducting a contested case hearing if such suspension will not result in a rate increase (MCL 460.6, 460.6a, 460.6j; MSA 22.13[6], 22.13[6a], 22.13[6j]).

.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *J. Peter Lark* and *Donald E. Erickson,* Assistant Attorneys General, for Attorney General.

*Don L. Keskey,* Assistant Attorney General, for Public Service Commission.

*Loomis, Ewert, Parsley, Davis & Gotting, P.C.* (by *Harvey J. Messing, Gary L. Field,* and *Sherri A. Wellman*), for Northern States Power Company-Wisconsin.

Before: Hood, P.J., and Markman and Talbot, JJ.

Per Curiam. The Attorney General appeals as of right the order of the Public Service Commission allowing Northern States Power Company-Wisconsin to suspend its power supply cost recovery (PSCR) clause from January 1, 1997, through December 31, 2000. We affirm.

Appellant argues that the PSC does not have the statutory power to suspend a PSCR clause, that it erred in suspending Northern States' PSCR clause without a contested case hearing, and that the PSC erred in determining that the suspension would not result in a rate increase to customers. We disagree.

Our review of a PSC order is limited. Pursuant to MCL 462.25; MSA 22.44, all rates, fares, charges, classification and joint rates, regulations, practices, and services prescribed by the PSC are presumed, prima facie, to be lawful and reasonable. *Michigan Consolidated Gas Co v Public Service Comm,* 389 Mich 624; 209 NW2d 210 (1973). An aggrieved party bears the burden of proving by clear and convincing evidence that the order appealed is unlawful or

unreasonable. MCL 462.26(8); MSA 22.45(8). An order is unlawful if it is based on an erroneous interpretation or application of the law, and it is unreasonable if it is not supported by the evidence. *Associated Truck Lines, Inc v Public Service Comm*, 377 Mich 259; 140 NW2d 515 (1966). A reviewing court must give due deference to the administrative expertise of the PSC and may not substitute its judgment for that of the agency. *City of Marshall v Consumers Power Co (On Remand)*, 206 Mich App 666, 677; 523 NW2d 483 (1994). However, this does not mean that courts may abandon or delegate their responsibility to interpret statutory language and legislative intent. *Miller Bros v Public Service Comm*, 180 Mich App 227, 232; 446 NW2d 640 (1989).

The PSC possesses no common-law powers. It is a creature of the Legislature, and all of its authority must be found in statutory enactments. *Union Carbide Corp v Public Service Comm*, 431 Mich 135, 146; 428 NW2d 322 (1988). A statute that grants power to an administrative agency is to be strictly construed. *Miller Bros, supra.* Administrative authority must be plainly granted, for doubtful power in this context does not exist. *Id.*

In our judgment, the PSC has authority to suspend a PSCR clause. MCL 460.6j; MSA 22.13(6j) governs the implementation of PSCR clauses. It states in part:

> (2) Pursuant to its authority under this act, the public service commission may incorporate a power supply cost recovery clause in the electric rates or rate schedule of a utility, but is not required to do so. Any order incorporating a power supply cost recovery clause shall be as a result of a hearing solely on the question of the inclusion of the clause in the rates or rate schedule, which hearing shall be conducted as a contested case pursuant to chapter 4 of the

administrative procedures act of 1969, Act No. 306 of the
Public Acts of 1969, being sections 24.271 to 24.287 of the
Michigan Compiled Laws, or pursuant to subsection (18),
as a result of a general rate case. Any order incorporating a
power supply cost recovery clause shall replace and rescind
any previous fuel cost adjustment clause or purchased and
net interchanged power adjustment clause incorporated in
the electric rates of the utility upon the effective date of the
first power supply cost recovery factor authorized for the
utility under its power supply cost recovery clause.

The statute explicitly provides that the PSC may
incorporate a PSCR clause in the rate schedule, but it
is not required to do so. MCL 460.6j(2);     MSA
22.13(6j)(2). While the statute specifies certain PSCR
reconciliation procedures, it is silent with respect to
any procedures for suspending the operation of a PSCR
clause. We find that such a power exists by
implication.

MCL 460.6;     MSA 22.13(6) grants the PSC plenary
power and jurisdiction to regulate all public utilities
in the state, including all incidental matters. This
broad power includes the power to regulate all rates,
fares, fees, charges, services, rules, conditions of ser-
vice, and all other matters pertaining to the forma-
tion, operation, or direction of public utilities. *Con-
sumers Power Co v Public Service Comm*, 181 Mich
App 261, 265; 448 NW2d 806 (1989). Read together
with MCL 460.6j;     MSA 22.13(6j), we find that such
provision includes the authorization for the PSC to
suspend a PSCR clause—at least where the suspension
of the PSCR clause will not result in an increase in
rates. To hold otherwise would require the once-
adopted PSCR mechanism to continue in perpetuity;
we find nothing in the language of MCL 460.6j;     MSA
22.13(6j) to suggest that a PSCR clause in perpetuity is

the only type of clause contemplated by the Legislature or that such clauses cannot ever be "sunset." Rather, we believe that the PSCR clause need not be written permanently in granite any more than the fuel cost adjustment or purchased and net interchanged power adjustment clauses referred to in the same provision. We read nothing in the law to suggest that the broad authority of the PSC, including its authority to promulgate PSCR clauses, is somehow constrained with respect to its authority to modify the latter, notwithstanding any changes in circumstances that might warrant rescission of such a clause.

Nor do we believe that the PSC was required to hold a contested case hearing before suspending the PSCR clause in this case. MCL 460.6a; MSA 22.13(6a) provides in part:

> (1) When a finding or order is sought by a gas or electric utility to increase its rates and charges or to alter, change, or amend any rate or rate schedules, the effect of which will be to increase the cost of services to its customers, notice shall be given within the service area to be affected. . . . After first having given notice to the interested parties within the service area to be affected and affording interested parties a reasonable opportunity for a full and complete hearing, the commission, after submission of all proofs by any interested party, may in its discretion and upon written motion by the utility make a finding and enter an order granting partial and immediate relief. . . . An alteration or amendment in rates or rate schedules applied for by a public utility that will not result in an increase in the cost of service to its customers may be authorized and approved without notice or hearing.

Under the statute, the PSC has authority to act without a hearing if the amendment in rate schedules would not result in a rate increase. The fact that a

hearing is required to implement a PSCR clause does not imply the need for a hearing to rescind or suspend the clause, absent evidence that the suspension will result in an increase in rates. The possibility of future increased costs has been found to be too speculative to merit a contested case hearing.[1] *Attorney General v Public Service Comm*, 206 Mich App 290, 295; 520 NW2d 636 (1994). In an unpublished opinion per curiam, this Court has held that MCL 460.6j(2); MSA 22.13(6j)(2) does not require a contested case hearing for the suspension of a PSCR clause when the PSC determines that the suspension will not result in a rate increase. *Attorney General v Public Service Comm*, issued January 20, 1998 (Docket Nos. 191946, 192000, 192001, and 192515). We agree with and adopt the reasoning of that panel. The potential reduction in a PSCR factor, which may result in a future rate reduction, does not constitute an increase under the statute. There is no evidence, other than speculation, to support a finding that the PSC's order was unlawful or unreasonable or resulted in increased rates. We understand the Attorney General's concerns to be focused not on a rate increase directly resulting from suspension of the PSCR clause, but on a rate decrease

---

[1] We also find instructive the argument by Northern States Power Company that the policy argument in favor of a contested case hearing before the implementation of a PSCR clause does not exist where the issue is the suspension of such a clause.

When utilities sought to implement a PSCR clause, Act 304 was considered by many to be a radical departure from traditional ratemaking. To examine and assuage such concerns, a contested case hearing was required prior to implementation. A comparable need for a contested case proceeding does not exist when permitting a utility to return to the traditional rate case proceeding with which the Commission and all parties are well familiar.

an unsuspended clause might conceivably cause. If power supply costs are lowered in the future, MCL 460.58; MSA 22.8 and MCL 460.557; MSA 22.157 provide a mechanism for seeking a rate adjustment.

Affirmed.