ATTORNEY GENERAL v PUBLIC SERVICE COMMISSION

Docket No. 215919. Submitted June 6, 2000, at Lansing. Conflict of interest
found December 8, 2000, at 9:10 A.M. Resubmitted after stipulation
of counsel, January 4, 2001, at Lansing. Decided January 26, 2001,
at 9:00 A.M.

The Detroit Edison Company, in connection with the deregulation of
electric utilities, sought approval by the Public Service Commission
for the suspension of its power supply cost recovery (PSCR) clause
from January 1, 1998, through December 31, 2001. The PSC estab-
lished a contested case proceeding, Case No. 00-011449, in which it
heard testimony and received exhibits. Edison, as required by stat-
ute, filed a PSCR plan for the year 1998, Case No. 00-011528, but
reaffirmed its desire for the suspension of its PSCR clause. In Case
No. 00-011449, the PSC authorized the suspension of Edison's PSCR
clause, but ruled that the suspension could only go into effect
when five percent of Edison's customers were being served by
another supplier. The PSC later changed the condition to when other
suppliers provided 235 megawatts a month. Several parties
appealed the PSC's decision to the Court of Appeals. The condition
that would trigger the suspension of Edison's PSCR clause never
occurred. In the interim, the PSC conducted evidentiary hearings in
Case No. 00-011528, in which the Attorney General and other par-
ties presented testimony and exhibits regarding Edison's 1998 PSCR
factor. Edison moved to withdraw its application for the suspen-
sion of its PSCR clause and to terminate proceedings in Case Nos.
00-011449 and 00-011528 regarding suspension of its PSCR clause.
The PSC issued orders authorizing Edison to implement its pro-
posed PSCR factor for 1998 and terminating proceedings in Case
Nos. 00-011449 and 00-011528 related to Edison's request for sus-
pension of its PSCR clause. The Attorney General appealed the PSC
orders terminating the proceedings related to Edison's request for
suspension of its PSCR clause. The Court of Appeals, GRIFFIN and
TALBOT, JJ., (METER, P.J., dissenting) found a conflict of interest in
the Attorney General's participation in the case as both party liti-
gant and counsel for the PSC. The Court of Appeals ordered the
Attorney General to file either a stipulation for substitution of
counsel for the PSC or a consent of client for continuation of coun-

sel after consultation regarding the conflict or the appeal would be dismissed. 243 Mich App 487 (2000).

After entry of a stipulation regarding counsel, the Court of Appeals *held*:

1. Edison's requests in Case Nos. 00-011449 and 00-011528 for suspension of its PSCR clause became moot for two reasons: first, because the conditions precedent to the suspension never occurred, and second, because the requests were rendered a nullity by the passage of time, where the window of implementation had passed and a rate for 1998 was set using the PSCR factor. Thus, the PSC could not vacate what was already a nullity.

2. The PSC did not violate MCR 7.208(A), which prohibits a trial court or tribunal from setting aside or amending the judgment or order appealed from except by order of the Court of Appeals, by stipulation, or as otherwise provided by law. No prior orders were amended or set aside when the PSC issued the order that formally stated that certain administrative proceedings had been concluded.

3. Contrary to the Attorney General's contention, the PSC was not required to conduct an evidentiary hearing before it could issue the order terminating proceedings related to suspension of Edison's PSCR clause. Because the PSC addressed and rejected the Attorney General's arguments regarding termination of proceedings, the Attorney General cannot claim that she was denied notice or the opportunity to be heard. The issues surrounding Edison's 1998 PSCR clause, and the suspension of that clause, were fully litigated before the PSC. It would be a waste of administrative resources to conduct the evidentiary hearing the Attorney General seeks regarding Edison's base rate for 1998. Such a hearing would have been necessary had the PSCR clause been suspended; however, there is no dispute that the PSCR clause remained in force and was used in the calculation of Edison's rates for 1998.

4. The Attorney General's arguments regarding collateral estoppel and res judicata lack merit. There is nothing in the record that indicates that the order appealed from constitutes a subsequent proceeding in which issues were relitigated.

Affirmed.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Donald E. Erickson*, Assistant Attorney General, for the Attorney General.

*Allan S. Falk*, Special Assistant Attorney General, for the Public Service Commission.

Before: METER, P.J., and GRIFFIN and TALBOT, JJ.

PER CURIAM. Appellant Attorney General appeals as of right an order of the Public Service Commission (PSC) granting appellee Detroit Edison Company's motion to terminate the proceedings in Case Nos. 00-011449 and 00-011528 regarding Edison's request for a suspension of its power supply cost recovery (PSCR) clause. We affirm.

Pursuant to this Court's opinion of December 8, 2000, *Attorney General v Public Service Comm*, 243 Mich App 487; 625 NW2d 16 (2000), appellee PSC and appellant Attorney General have filed a stipulation regarding counsel for the PSC. In view of the resolution of the conflict of interest issue, we now address the merits of this appeal.

I

FACTUAL BACKGROUND OF PSC PROCEEDING

In connection with the deregulation of the electric utility industry, Edison sought approval in Case No. 00-011449 to suspend its PSCR clause from January 1, 1998, through December 31, 2001. The PSC established a contested case proceeding in which it heard testimony and received exhibits in July and September 1997. On September 30, 1997, as it was statutorily required to do, Edison filed a PSCR plan for calendar year 1998 that was assigned Case No. 00-011528. However, Edison reaffirmed its desire that the PSC suspend its PSCR clause and requested that the commission dismiss Case No. 00-011528 if in fact the PSCR clause was suspended in Case No. 00-011449.

On October 29, 1997, in Case No. 00-011449, the PSC authorized Edison to suspend the operation of its PSCR clause through December 31, 2001, but ruled that the suspension could only go into effect when five percent of Edison's customers were being served by independent third-party power suppliers. This condition was later amended in orders issued in January and February 1998 to provide that the PSCR suspension would be implemented when the amount of power being conveyed by independent third-party suppliers reached 225 megawatts in a given month. These orders and others were appealed to this Court. See *Midland Cogeneration Venture v Public Service Comm*, unpublished opinion per curiam of the Court of Appeals, issued June 9, 2000 (Docket Nos. 209549, 209550, 209560, 209578, and 209579).

However, the condition that would trigger the suspension of Edison's PSCR clause never occurred; in the interim, the PSC conducted evidentiary hearings in Case No. 00-011528 regarding Edison's proposed PSCR factor for calendar year 1998, in which the Attorney General and other parties presented testimony and exhibits regarding calculation of the PSCR factor. Following these proceedings, the hearing referee issued a proposal for decision regarding Edison's 1998 PSCR factor, to which the Attorney General and others filed exceptions.

At approximately the same time, Edison moved to withdraw the applications and terminate the proceedings in Case Nos. 00-011449 and 00-011528 regarding the suspension of its PSCR clause. The pleading noted that more than a year had passed since Edison filed its proposal and supporting testimony in Case No. 00-011449 and that "[t]he time for implementing Edison's

proposal had passed, while the circumstances that once supported that proposal have changed." Edison averred that "opposition to the suspension of Edison's PSCR clause continues, while the entire impetus for that suspension has largely vanished or abated." The Attorney General argued that under MCR 7.208(A) the PSC lacked jurisdiction to vacate any order while an appeal to this Court was pending and that even if the PSC had such jurisdiction it could not vacate any order without first conducting a public hearing.

On October 26, 1998, the same date as the order appealed from in this case, the PSC issued an order in Case No. 00-011528 authorizing Edison to implement its proposed PSCR factor for 1998. The commission also issued the order that is the subject of this appeal in which it terminated the proceedings in Case No. 00-011528 to the extent those proceedings involved the suspension of Edison's PSCR clause. The PSC addressed the Attorney General's argument as follows:

> The Commission finds that the Attorney General's cita-tion to . . . MCR 7.208(A) are not well taken. The Attorney General's arguments are based on his concern that granting Detroit Edison's motion requires rehearing or amendment of the final orders of the Commission that have been appealed to the Court of Appeals. However, the Commis-sion finds that the orders previously issued in . . . [Case No.] U-11449 indicate that the Commission would use Case No. U-11528 as the vehicle to resolve the remaining issues that had to be addressed to complete implementation of Detroit Edison's proposal to suspend its PSCR clause. There-fore, the Commission finds that termination of further con-sideration of those issues in Case No. U-11528 does not necessitate either a rehearing or a revision of any of its pre-vious orders. In any event, the Commission retained juris-diction to issue further orders in . . . [Case No.] U-11449.

In conclusion, the order stated only that "Edison's request to terminate further proceedings regarding suspension of its PSCR clause should be granted."

II

APPELLANT'S ISSUES ON APPEAL

As we stated in *Attorney General v Public Service Comm*, 231 Mich App 76, 77-78; 585 NW2d 310 (1998), this Court's review of an order of the PSC is limited:

> Pursuant to MCL 462.25; MSA 22.44, all rates, fares, charges, classification and joint rates, regulations, practices, and services prescribed by the PSC are presumed, prima facie, to be lawful and reasonable. *Michigan Consolidated Gas Co v Public Service Comm*, 389 Mich 624; 209 NW2d 210 (1973). An aggrieved party bears the burden of proving by clear and convincing evidence that the order appealed is unlawful or unreasonable. MCL 462.26(8); MSA 22.45(8). An order is unlawful if it is based on an erroneous interpretation or application of the law, and it is unreasonable if it is not supported by the evidence. *Associated Truck Lines, Inc v Public Service Comm*, 377 Mich 259; 140 NW2d 515 (1966). A reviewing court must give due deference to the administrative expertise of the PSC and may not substitute its judgment for that of the agency. *City of Marshall v Consumers Power Co (On Remand)*, 206 Mich App 666, 677; 523 NW2d 483 (1994). However, this does not mean that courts may abandon or delegate their responsibility to interpret statutory language and legislative intent. *Miller Bros v Public Service Comm*, 180 Mich App 227, 232; 446 NW2d 640 (1989).

This Court has held that the commission possesses the authority to suspend a PSCR clause. However, in this case, when the conditions precedent to the suspension of Edison's PSCR clause failed to materialize, the commission conducted public hearings and

entered an order approving rates utilizing Edison's proposed 1998 PSCR factor. Thus, Edison's requests in Case Nos. 00-011449 and 00-11528 for suspension of its PSCR clause became moot for two reasons: first, because the conditions precedent to the suspension never occurred, and second, because the requests were rendered a nullity by the passage of time, where the window of implementation had passed and a rate for 1998 was set using the PSCR factor. Put simply, the PSC could not vacate what was already a nullity.

Appellant contends the commission's action is barred by MCR 7.208(A), which prohibits a trial court or tribunal from setting aside or amending the judgment or order appealed from "except by order of the Court of Appeals, by stipulation, or as otherwise provided by law." However, contrary to appellant's assertion, no prior orders were amended or set aside.[1] MCR 7.208(A) does not apply to an order that is simply a formal statement that certain administrative proceedings have been concluded. Not only is there no statute or other authority barring administrative agencies from issuing such orders, but such a rule would potentially wreak havoc on agencies' dockets for no good reason, especially where, as in this case, the issues involved in the proceeding have become moot. Although appellant maintains vigorously that Edison should not be allowed to endlessly litigate a case, if appellant's appeal in this case were successful, the result would be to prevent entry of an order granting

---

[1] Thus, this case does not present an appropriate vehicle to address the unresolved issue whether MCL 460.351; MSA 22.111, under which the commission has "full power and authority to . . . alter, amend or modify its findings and orders," brings the PSC within the exception in MCR 7.208(A) referring to authority to set aside or amend orders "as otherwise provided by law."

Edison's request to terminate litigation. The logical inconsistency in such an argument is readily apparent.

Appellant also contends that the PSC was required to conduct an evidentiary hearing before it could issue the order terminating proceedings. Because the PSC directly addressed and rejected appellant's arguments regarding termination of the proceedings in the order on appeal, appellant cannot claim she was denied notice or the opportunity to be heard. There is no dispute that the issues surrounding Edison's 1998 PSCR clause, and the suspension of that clause, were fully litigated before the agency throughout 1997 and 1998. Moreover, it would be a waste of administrative resources to conduct the evidentiary hearing appellant seeks regarding Edison's base rate for 1998. Such a hearing would have been necessary had the PSCR clause been suspended; however, there is no dispute the PSCR clause remained in force and was utilized in the calculation of Edison's rates for 1998.

We find appellant's legal arguments regarding collateral estoppel and res judicata to be irrelevant. Even if such principles applied in the context of administrative proceedings, there is nothing in the record that would support the conclusion that the order appealed from constitutes a subsequent proceeding in which issues were relitigated. Consequently, we find this issue completely lacking in merit.[2]

In view of our disposition, we find it unnecessary to address appellees' supplemental argument that

---

[2] We question whether appellant's appeal is vexatious. See MCR 7.216(C)(1)(a). However, because this potential issue has not been raised, briefed, or argued by counsel, we choose not to address it.

appellant's appeal is moot by operation of 2000 PA 141.

Affirmed.